**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD H. GOODE,

Defendant - Appellant.

No. 06-2093

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. CR-03-2106 JB)**

Leon Schydlower, El Paso, Texas, for Defendant - Appellant.

Clinton J. Johnson, Assistant United States Attorney, (David C. Iglesias, United States Attorney, Albuquerque, New Mexico, and Terri J. Abernathy, Assistant United States Attorney, Las Cruces, New Mexico, on the brief) for Plaintiff - Appellee.

Before **HENRY**, **HARTZ**, and **HOLMES**, Circuit Judges.

**HARTZ**, Circuit Judge.

A jury in the United States District Court for the District of New Mexico found Donald H. Goode guilty of being a convicted felon in possession of a firearm. On appeal he contends that there was insufficient evidence to convict

him under the jury instructions, which required the firearm he possessed to have "moved from one state to another," R. Vol. IV at 220, because evidence at trial showed only that the firearm had been manufactured in Spain and discovered in New Mexico. He also contends that he must be resentenced because the court violated Fed. R. Crim. P. 32(i)(1)(A) when it proceeded to sentence him after he had said that he had not read his presentence report (PSR). We have jurisdiction under 28 U.S.C. § 1291 and affirm his conviction and sentence. Because he did not raise his present insufficiency contention in district court, we review the contention for plain error and hold that justice would not be served by a reversal of his conviction. As for his sentencing contention, we hold that the court properly found that he had read the PSR and discussed it with counsel.

## I.    BACKGROUND

On October 23, 2003, a grand jury indicted Mr. Goode on one count of being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Section 922(g)(1) makes it unlawful for anyone who has been convicted of a crime punishable by imprisonment for more than a year "to . . . possess in or affecting commerce[] any firearm." The firearm that Mr. Goode was charged with possessing had been recovered from his vehicle by police officers after he was arrested in Capitan, New Mexico, on unrelated charges.

At Mr. Goode's trial, Agent Paul Jessen of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified that the firearm at issue was "a Llama. It's

manufactured in Spain, and it came from Spain to this country through an importer." R. Vol. IV at 165. He further testified that no firearms are manufactured in New Mexico, so a firearm found in New Mexico must have traveled in either interstate or foreign commerce.

The district court instructed the jury that to convict Mr. Goode, it must find that the government proved beyond a reasonable doubt that:

> First, the defendant was previously convicted of a felony, that is, a crime punishable for a term exceeding one year;
> Second, the defendant knowingly possessed a firearm after the conviction; and
> Third, before the defendant possessed the firearm, the firearm had moved from one state to another.

*Id.* at 219–20. After the jury was instructed, Mr. Goode moved for a judgment of acquittal under Fed. R. Crim. P. 29. His counsel argued "that there [was not a] sufficiently legal nexus . . . between the weapon and Mr. Goode to meet the element of possession." *Id.* at 229. He said nothing about the commerce element of the crime. The court denied the motion, stating that "there was sufficient evidence for a jury to conclude that Mr. Goode was in possession of the weapon." *Id.* at 230.

During deliberations the jury sent the district court a note asking whether a gun that was not manufactured in New Mexico must have traveled in interstate or foreign commerce. The court responded: "Your question presents a factual issue

-3-

that is one for the jury to decide." R. Vol. V at 328. After the jury found

Mr. Goode guilty, he did not renew his motion for a judgment of acquittal.

The PSR prepared by the probation office calculated an offense level of 33

and a criminal-history category of IV, which would result in an advisory

guideline range of 188 to 235 months' imprisonment under the United States

Sentencing Guidelines. At the sentencing hearing the district court first asked

Mr. Goode whether he had reviewed the PSR. After some confusion about

whether he had a copy, he apparently handed the court a copy of the PSR with an

attached letter. He then responded:

> [Mr. Goode]: No, sir. What I did—what I did was I wrote the letter that was on the front of it and I sent it right back with a refusal for cause under the UCC, Section 3-501. I did a refusal for cause and sent it back. So I didn't read it. I didn't go over it.
>
> THE COURT: Well, let me hand that back to the marshal.
>
> [Mr. Goode]: I would like the Court to keep that, because that's a presentment that I would like to present to the Court.
>
> THE COURT: All right. Before we do that, though, before you refuse it, let me ask you, you didn't read it at all?
>
> [Mr. Goode]: Besides having to write the Certified Mail Number on the top of each page that I actually did that, I can't honestly say I in depth read it, your Honor.
>
> THE COURT: I would like for you to review it. Would you take a few minutes to review it?
>
> [Mr. Goode]: Actually, I want to refuse it for cause, your Honor, without dishonor.

THE COURT: You don't want to review it? Because the reason it's important, Mr. Goode, it's going to—I've read it. The counsel have read it. And it's going to impact the decision that I make as to how to sentence you. So I'd like for you to know what I've reviewed in thinking about your sentence this morning. Could I take a recess and [have] you review it?

[Mr. Goode's Attorney]: If I may your Honor.

THE COURT: You may.

[Mr. Goode's Attorney]: I actually reviewed it with Mr. Goode.

R. Vol. VI at 3–5. Mr. Goode's attorney then explained that he had personally gone through the PSR with Mr. Goode, and when Mr. Goode had questioned some of the listed prior convictions, he had reviewed court records, verified that each listed conviction was accurate, and sent a letter to Mr. Goode explaining his findings. Mr. Goode's attorney accordingly recommended that the court move forward with sentencing, stating that there were no disputes regarding the content of the PSR. Once again the court asked Mr. Goode if he would like time to review the PSR; Mr. Goode declined.

Despite Mr. Goode's repeated assertions that he had not reviewed the PSR, some comments made by him at the hearing appear to contradict that. At one point he stated that everything in it "is mere hearsay . . . . None of it is firsthand knowledge." *Id.* at 39. Later he claimed that he had written "a letter to the U.S. Probation Department concerning the PSR," presumably as a challenge to certain aspects of it. *Id.* at 56.

The district court sentenced Mr. Goode to 188 months' imprisonment.

## II.    DISCUSSION

### A.    Sufficiency of the Evidence

Mr. Goode first argues that there was insufficient evidence for the jury to find that the firearm he possessed "had moved from one state to another" as required by the jury instructions. R. Vol. IV at 220. Evidence at trial showed that the firearm was manufactured in Spain and discovered in New Mexico. Mr. Goode's opening brief on appeal admits that this evidence was sufficient to satisfy 18 U.S.C. § 922(g)'s requirement that the firearm be possessed "in or affecting commerce." But he contends that the jury instructions narrowed this requirement by stating that the weapon must have moved from one state to another, and there was no evidence of such movement. (Of course, Mr. Goode's contention is premised on geography. New Mexico is a border state. If the firearm had been found in Kansas, by contrast, the evidence would have been sufficient because the firearm would have had to travel from Spain through other states to reach its destination.)

Mr. Goode's contention is supported by the law-of-the-case doctrine, which "hold[s] the government to the burden of proving each element of a crime as set out in a jury instruction to which it failed to object, even if the unchallenged jury instruction goes beyond the criminal statute's requirements." *United States v. Williams*, 376 F.3d 1048, 1051 (10th Cir. 2004). Under the jury instruction in

this case, the sufficiency of the evidence is at least questionable. But

Mr. Goode's challenge to the sufficiency of the evidence comes too late. The

Rules of Criminal Procedure do not allow a defendant to wait until appeal to raise

such a challenge. Pertinent provisions of Fed. R. Crim. P. 29 state:

> **(a) Before Submission to the Jury.** After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.
>
> . . .
>
> **(c) After Jury Verdict or Discharge.**
>     **(1) Time for a Motion.** A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.

Fed. R. Crim. P. 29(a), (c)(1); *cf. United States v. Luciano*, 329 F.3d 1, 5 (1st Cir.

2003) ("[C]laims of insufficient evidence must be presented in the first instance

to the district court.").

To be sure, Mr. Goode moved for acquittal under Rule 29 after the district

court instructed the jury. But his motion was not predicated on the ground raised

now. He argued only "that there is [not a] sufficiently legal nexus . . . between

the weapon and [himself] to meet the element of possession." R. Vol. IV at 229.

He said nothing about the commerce element that he now challenges, even though

the instructions including the commerce element had already been read to the

jury. Nor did he make a Rule 29 motion after the jury's verdict. *See* Fed. R.

Crim. P. 29(c).  When a defendant challenges in district court the sufficiency of the evidence on specific grounds, "all grounds not specified in the motion are waived."  *United States v. Kimler*, 335 F.3d 1132, 1141 (10th Cir. 2003) (internal quotation marks omitted); *see also United States v. Dandy*, 998 F.2d 1344, 1356–57 (6th Cir. 1993) ("Although specificity of grounds is not required in a Rule 29 motion, where a Rule 29 motion is made on specific grounds, all grounds not specified are waived . . . ." (citation omitted)); 2A Charles Alan Wright, Federal Practice and Procedure § 469, at 321–22 (3d ed. 2000).

Although we have described the failure to raise a challenge in district court as a "waiver," it is more precisely termed a forfeiture when there is no suggestion of a knowing, voluntary failure to raise the matter.  *See United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006).  Because of Mr. Goode's forfeiture we review the sufficiency of the evidence under the plain-error doctrine.  *See Kimler*, 335 F.3d at 1141.  To obtain relief under this doctrine, Mr. Goode "must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights.  If he satisfies these criteria, this Court may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).[1]

---

[1]We recognize that on occasion we have stated that when considering the sufficiency of the evidence, the plain-error "standard actually applied is

(continued...)

We will assume that the first three elements of the plain-error standard are satisfied. But we deny relief because this is one of those rare cases in which the defendant's insufficient-evidence claim fails on the fourth element. The alleged error does not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). There was no miscarriage of justice. Mr. Goode seeks to set aside his conviction on the ground that the government failed to prove that his firearm had traveled in interstate commerce. Yet it is a certainty that the firearm had traveled in foreign

[1](...continued)
essentially the same as if there had been a timely motion for acquittal." *United States v. Bowie*, 892 F.2d 1494, 1497 (10th Cir. 1990). *Accord United States v. Cox*, 929 F.2d 1511, 1514 (10th Cir. 1991). We take these comments to convey only the noncontroversial proposition that a conviction in the absence of sufficient evidence of guilt is plainly an error, clearly prejudiced the defendant, and almost always creates manifest injustice. *See United States v. Duran*, 133 F.3d 1324, 1335 n.9 (10th Cir. 1998) ("review under the plain error standard . . . and a review of sufficiency of the evidence usually amount to largely the same exercise"); *see also Kimler*, 335 F.3d at 1141 n.10 (quoting *Duran*); *United States v. Lawrence*, 405 F.3d 888, 900 n.7 (citing *Kimler*). To the extent that our statements might suggest that the fourth prong of plain-error review does not apply in the context of a challenge to the sufficiency of the evidence, they are contrary to binding circuit precedent. *See Corbin v. United States,* 253 F.2d 646, 647–48 (10th Cir. 1958) (requiring showing of miscarriage of justice); *Johns v. United States*, 227 F.2d 374 (10th Cir. 1955) (same). Nevertheless, to avoid any future uncertainty, this opinion has been circulated to all active members of this court, and all agree that a forfeited claim of insufficient evidence must be reviewed under the plain-error standard set forth in *Kimler*, 335 F.3d at 1141. *See United States v. Atencio*, 476 F.3d 1099, 1105 n.6 (10th Cir. 2007) (describing en banc adoption of footnote); *see also Carlisle v. United States*, 517 U.S. 416, 436 (1996) (Ginsburg, J., concurring) (noting government's recognition that defendant who raises untimely motion for acquittal can still obtain plain-error review on appeal).

-9-

commerce, so that Mr. Goode's possession was "in or affecting commerce," as charged in the indictment. *See United States v. Wallace*, 889 F.2d 580, 583 (5th Cir. 1989) ("[S]ection 922(g) reaches . . . those firearms that traveled in interstate or foreign commerce."). The alleged insufficiency of the evidence could have been quickly cured by amending the instruction if Mr. Goode had challenged at trial the insufficiency he raises on appeal. In *Johnson v. United States*, 520 U.S. 461 (1997), the Supreme Court affirmed under plain-error review a defendant's conviction for perjury even though the district court had failed to submit to the jury the materiality of the false statement. The evidence supporting materiality was overwhelming and essentially uncontroverted. *Id*. at 470. The Court reasoned that there was "no basis for concluding that the error seriously affected the fairness, integrity or public reputation of judicial proceedings. Indeed, it would be the reversal of a conviction such as this which would have that effect." *Id*. (brackets and internal quotation marks omitted). We can say the same of Mr. Goode's conviction.

**B.    Sentencing**

Mr. Goode also argues that he must be resentenced because the district court violated Fed. R. Crim. P. 32(i)(1)(A), which requires the court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." He claims that he told the court that he had not read the PSR or reviewed it with counsel.

We reject Mr. Goode's argument. The district court verified that Mr. Goode and his counsel had read and discussed the PSR. To be sure, Mr. Goode did claim that he had not reviewed it. But he then contradicted himself to some extent by making assertions that suggested his familiarity with the PSR's contents. More importantly, Mr. Goode's attorney emphatically declared that his client had read the PSR and they had discussed it. On this record the district court could properly find that Fed. R. Crim. P. 32(i)(1)(A) had been satisfied. *Cf. United States v. Rangel-Arreola*, 991 F.2d 1519, 1525 (10th Cir. 1993) (sentencing court "may draw reasonable inferences from court documents, the defendant's statements, and counsel's statements" to satisfy prior version of Rule 32(a)(1)(A) and need not address the defendant personally (internal quotation marks omitted)). We decline to require that the defendant personally acknowledge having read the PSR; such a requirement could engender obstructive tactics by defendants.

## III. CONCLUSION

We AFFIRM Mr. Goode's conviction and sentence.