**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRUNG V. LE,

Defendant - Appellant.

No. 07-3241

(D. Kansas)

(D.C. No. 02-CR-10117-09-WEB)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This court,
therefore, honors the parties' requests and orders the case submitted without oral
argument.

Trung V. Le admitted to two counts of violating the terms of his supervised
release. The district court imposed a sentence of twelve months' imprisonment.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Le appeals, narrowly asserting as follows: (1) the district court erred in failing to sufficiently explain, by reference to the factors set out in 18 U.S.C. § 3553(a), why it chose a sentence of imprisonment rather than placing Le back on supervised release; and (2) a sentence of imprisonment, rather than a continued term of supervised release, is unduly harsh.[1]  Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, this court **affirms** the judgment of the district court.[2]

Although the factual litany set out in the parties' briefs is quite extensive, the facts necessary to resolve this appeal are relatively limited.  Le pleaded guilty to use of a communication facility in furtherance of a drug crime in violation of

---

[1]To be clear, Le does not contest in any fashion the length of the term of imprisonment imposed by the district court.  Instead, both his procedural and substantive challenges are directed narrowly at the decision to impose any term of imprisonment at all.

[2]For the first time in its brief on appeal, the government asserts that the waiver of appellate rights Le entered into as part of his plea agreement forecloses Le's appeal of the sentence he received upon revocation of his term of supervised release.  Although the government's failure to raise this issue at an earlier point in the appeal does not foreclose its appeal-waiver argument, 10th Cir. R. 27.2(A)(3)(b), we decline to reach the issue in this particular case.  This court has made clear that the existence of an appeal waiver does not affect our jurisdiction. *United States v. Hahn*, 359 F.3d 1315, 1320-24 (10th Cir. 2004) (en banc).  Accordingly, this court is not obligated to conduct the appeal-waiver analysis set out in *Hahn* when the case can be easily resolved on other grounds and the merits of the government's appeal-waiver assertions are subject to serious question.  This is particularly true when the government raises the appeal waiver at a relatively late point in the proceedings, thereby eliminating any conservation of judicial resources that would normally flow from resolving the enforceability of an appeal waiver before briefing is complete.

21 U.S.C. § 843(b). The district court imposed a sentence of forty-eight months' imprisonment, to be followed by a one-year term of supervised release. While Le was serving his post-imprisonment term of supervised release, the probation office filed a petition requesting that the district court revoke Le's term of supervised release. In support of its request, the probation office alleged Le had violated the following four terms of his supervised release: (1) he possessed a controlled substance; (2) he failed to report for scheduled drug tests on three occasions; (3) he had associated with a convicted felon without the permission of the probation office; and (4) he failed to inform the probation office of his change in employment status.

At the hearing on the motion to revoke, Le admitted he had possessed a controlled substance and had associated with a convicted felon. In exchange for Le's admissions, the government dismissed the allegations relating to missed drug tests and undeclared changes in employment status. Thereafter, Le argued to the district court that the appropriate action in light of his violations was to continue his term of supervised release. In support of this assertion, Le argued his drug possession was tied to his drug addiction, something difficult to overcome. Le also argued that he had worked hard to support his son while he was on supervised release, the current violations were his first violations of supervised release, and his contact with a convicted felon was merely for the purpose of helping Le complete his required reports to the probation office.

After listening to the parties' arguments, the district court revoked Le's supervised release and sentenced him to a term of imprisonment of one year. In so doing, the district court noted it had considered the nature and circumstances of the violations, Le's characteristics, the sentencing objectives set out in 18 U.S.C. § 3553, and the policy statements set out in Chapter Seven of the Sentencing Guidelines. Furthermore, because it concluded Le was not amenable to supervised release, the district court declined to impose an additional term of supervised release following the conclusion of his one-year term of imprisonment.

On appeal, Le asserts both that the district court erred in failing to adequately explain its decision to revoke his supervised release and in ultimately revoking his supervised release and sentencing him to a term of imprisonment. Le's argument fails as a matter of law because the district court was required, by statute, to revoke Le's supervised release and sentence him to a term of incarceration based on Le's admission that he possessed a controlled substance in violation of the terms of his supervised release. 18 U.S.C. § 3583(g) ("If the defendant . . . possesses a controlled substance in violation of the conditions [of his supervised release] . . . the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment . . . .").[3] Because a

_____

[3]We recognize that § 3583(g) is not as categorical as it might seem at first blush. In particular, 18 U.S.C. § 3583(d) provides as follows: "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs,

(continued...)

-4-

term of incarceration was mandatory under § 3583(g), the district court was not required to consider the factors set out in § 3553(a) before deciding to revoke Le's incarceration and impose a term of incarceration.[4]  *United States v. Larson*, 432 F.3d 921, 923 n.3 (8th Cir. 2006); *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000); *United States v. Giddings*, 37 F.3d 1091, 1095 (5th Cir. 1994).  Thus, the district court fully complied with the relevant statutory mandates and Le's arguments fail as a matter of law.[5]

---

[3](...continued)
warrants an exception . . . from the rule of section 3583(g) when considering any action against a defendant who fails a drug test."  Nevertheless, Le never raised this issue before the district court and, for that reason, the record is devoid of any evidence bearing on Le's amenability to substance abuse treatment or his history of such treatment.  Accordingly, Le's failure to raise in the district court the potential applicability of § 3583(d) means he has forfeited the issue.  *United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007).  Furthermore, Le's failure on appeal to raise and brief the potential applicability of § 3583(d) amounts to a further appellate forfeiture of the issue.  *United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004).

[4]Because, as noted above, Le does not challenge the length of the one-year term of incarceration imposed by the district court upon revocation of Le's supervised release, this court need not decide whether a district court is required to consider the § 3553(a) factors in formulating the length of such a sentence.  In any event, the district court specifically noted it considered the § 3553(a) factors and the policy statements set out in Chapter Seven of the Sentencing Guidelines in arriving at Le's sentence.  Furthermore, the sentence the district court imposed was at the bottom of the advisory guidelines range.

[5]We recognize, as noted by Le, that the district court did err when, in setting out the reasons for revoking Le's supervised release, it stated Le had failed to participate in drug testing.  The government specifically dismissed the allegation of missed drug tests in exchange for Le's admission to possession of a controlled substance and failure to declare changes in employment status.  As

(continued...)

For those reasons set out above, the judgment of the district court is hereby

**AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[5](...continued)
noted by the government, however, this error is clearly harmless because Le
admitted to possessing a controlled substance and that admission, standing alone,
mandated the revocation of Le's supervised release.