**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

FRANK O'BRYAN,

      Defendant-Appellant.

No. 06-1479
(D.C. No. 06-cr-00018-EWN)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Frank O'Bryan appeals his twenty-four month

sentence for a crime committed while on supervised release, which is to run

consecutive to his supervised release revocation prison sentence, arguing that the

district court treated the policy statement of United States Sentencing Guidelines

5G1.3(c) as mandatory and thus failed to consider the possibility of granting him

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

a sentence running concurrently with his revocation prison sentence. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and **AFFIRM**.

## I. BACKGROUND

Mr. O'Bryan was on supervised release from a prior felony conviction when he violated the terms of his release. After revocation, he was resentenced to thirteen months of imprisonment and twenty-three months of supervised release. His supervised release violations gave rise to an indictment for eight counts of making false statements, in violation of 18 U.S.C. § 1001, and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1). Mr. O'Bryan ultimately pleaded guilty to witness tampering.

At the sentencing hearing, the district court adopted the factual statements of the Presentence Investigation Report ("PSR") without objection. After a two-level reduction for acceptance of responsibility, Mr. O'Bryan's total offense level was twelve.[1] In light of a criminal history category of IV, the district court calculated Mr. O'Bryan's Guidelines imprisonment range to be twenty-one to twenty-seven months with a supervised release range of two to three years. Discussing the factors in 18 U.S.C. § 3553(a), the court balanced Mr. O'Bryan's health concerns against the seriousness of his crime, his significant criminal

---

[1] Mr. O'Bryan's sentence was computed by referencing the 2005 edition of the United States Sentencing Guidelines Manual. The parties do not question the use of that edition. Accordingly, we use that edition in our analysis and our citations to the Guidelines are to the 2005 edition.

history, and the need to protect the public and deter criminal conduct. It then sentenced him to a prison term of twenty-four months, the middle of the Guidelines range.

After the district court announced its sentence, Mr. O'Bryan raised the possibility of receiving a concurrent sentence. His request apparently related to both the prison term the district court had imposed upon him for his supervised release violation and the supervised release period that the district court had tacked onto that prison term. Aplt. Br. at 3 ("[D]efense counsel requested that the sentence and supervised release run concurrent with the revocation sentence.").[2] Specifically, he stated: "And I would ask . . . that this sentence and the supervised release run concurrent with that [previously imposed sentence], pursuant to 18

---

[2]     Mr. O'Bryan's request through counsel for a concurrent sentence engendered some confusion in the district court regarding the scope of his request. The district court initially understood Mr. O'Bryan only "to be requesting concurrent supervised release terms." R., Vol. II, Tr. at 15 (Transcript of Sentencing Hearing, dated Oct. 13, 2006). In other words, the district court thought Mr. O'Bryan was only seeking to have the new supervised release period that the court appended to his imprisonment, after revoking his supervised release, run concurrently with the supervised release period that it presently was considering imposing for the witness-tampering crime. In some instances, Mr. O'Bryan's counsel did not appear to clearly distinguish between the imprisonment and supervised release components of his earlier sentence. *Id.* at 12, 15-16 (referring generally to his "supervised release violation sentence," and using "supervised release" as an apparent shorthand for both his earlier prison term and supervised release). That may have contributed to the district court's confusion. In any event, in raising its objections, the government expressed its understanding that Mr. O'Bryan (also) was seeking to have his prison terms run concurrently. After some discussion, the parties and the court seemed to operate on that commonly-held view.

United States Section 3584."   R., Vol. II, Tr. at 11-12 (Transcript of Sentencing Hearing, dated Oct. 13, 2006).

The district court granted Mr. O'Bryan's request regarding the supervised release term. *Id.* at 12 ("The term of supervised release of three years will be concurrent with any other term of supervised release. . . ."). However, at that juncture, the government lodged an objection to "the defense request for imposition of this sentence to be concurrent with the undischarged term of imprisonment." *Id.* at 15. The government directed the court's attention to "application note 3(C) to guideline Section 5G1.3, where the sentencing guidelines *recommend* consecutive sentences with the undischarged term of imprisonment for revocation violation." *Id.* (emphasis added). Mr. O'Bryan's counsel commented that the request for a concurrent prison term was "almost becoming academic" because Mr. O'Bryan would soon have discharged his prior sentence. *Id.* at 16.

The district court agreed that defense counsel was correct "in a sense" because only a month remained on the first sentence, but observed that "the Government is also right when it says that [this sentence] is to be consecutive . . . because that's what the guidelines say."[3] *Id.* The district court concluded, "to clarify, the defendant is . . . to be imprisoned for a period of 24 months,

---

[3] Mr. O'Bryan quotes the district court as saying that the sentence "has to be consecutive" instead of "is to be consecutive." Aplt. Br. at 3. However, the term "has" does not appear in this passage of the sentencing hearing transcript.

consecutive to the undischarged term of imprisonment, which he is currently serving." *Id.* Mr. O'Bryan timely filed this appeal.

## II. DISCUSSION

Mr. O'Bryan's only appellate claim is that his consecutive sentence is the result of the district court erroneously treating Guidelines § 5G1.3(c) as mandatory, in violation of *United States v. Booker*, 543 U.S. 220, 249 (2005), which generally held that the Guidelines can be applied only in an advisory manner. Section 5G1.3(c) speaks to situations involving an "undischarged term of imprisonment" like Mr. O'Bryan's, stating that:

> [T]he sentence for the instant offense *may* be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(c) (emphasis added). More specifically, in pertinent part, the relevant commentary provides:

> Subsection (c) applies in cases in which the defendant was on federal . . . supervised release at the time of the instant offense and has had such . . . supervised release revoked. . . . [T]he Commission *recommends* that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

*Id.* cmt. n. 3(C) (emphasis added).

As a statutory matter, district courts have the discretion to impose consecutive or concurrent sentences. *See* 18 U.S.C. § 3584(a) (stating generally that "if a term of imprisonment is imposed on a defendant who is already subject

to an undischarged term of imprisonment, the terms *may* run concurrently or consecutively" (emphasis added)); *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006) (stating that under § 3584(a) "a district court has the discretion to impose consecutive or concurrent sentences"). We have reviewed district courts' sentencing choices in this area for an abuse of discretion. *See United States v. Williams*, 46 F.3d 57, 58 (10th Cir. 1995). More specifically, in light of *Booker* and its progeny, it is clear that ordinarily Mr. O'Bryan's challenge would be subject to an abuse-of-discretion standard of review.

After *Booker*, federal criminal sentences are reviewed for reasonableness, giving deference to the district court under "the familiar abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *see United States v. Smart*, ___ F.3d ___, No. 06-6120, 2008 WL 570804, at *4 (10th Cir. Mar. 4, 2008) (noting that it is now "well settled that we review a district court's sentencing decisions solely for abuse of discretion"). Whether the district court treated the Guidelines as mandatory is a question of procedural reasonableness. *See Gall*, 128 S. Ct. at 597 (noting that "treating the Guidelines as mandatory" is an example of "significant procedural error" by the district court).

The government argues, however, that Mr. O'Bryan should be required to surmount the hurdles of plain error review. *See generally United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007) (discussing elements of plain error standard). Specifically, it asserts: "Since the defendant did not claim [at sentencing] that the

district court below was violating its responsibility to use its discretion in imposing consecutive or concurrent sentences, plain error review would be applicable." Aplee. Br. at 9.

The government's contention is not unreasonable under our general law of forfeiture and plain error. *See United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007) (seeking to clarify Tenth Circuit precedent by concluding that where a defendant "did not object on procedural grounds under § 3553(a) or (c) after the district court imposed his sentence, he has forfeited his right to appeal this issue and our review is only for plain error"); *see also United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005) (where defendant argued that "the district court erroneously sentenced him to consecutive sentences under a mandatory guidelines system," holding that "we review for plain error" because defendant "did not raise his *Booker* argument in the district court").

However, in *United States v. Tisdale*, 248 F.3d 964 (10th Cir. 2001), the defendant lodged an objection after the district court pronounced sentence that was quite similar to the one made by Mr. O'Bryan, and we held that, although it was "not the model of specificity," the defendant "sufficiently raised the issue of the imposition of a consecutive versus a concurrent sentence with the district court." *Id.* at 976. In particular, we reasoned that, although the defendant's objection essentially consisted of no more than a brief reminder to the court that the defendant was "serving a State sentence" and a request that "the Court make

-7-

the sentence here concurrent with the State sentence," the objection was sufficient to "alert the district court to the issue at hand." *Id.* (internal quotation marks omitted).

We need not endeavor here to reconcile or harmonize *Tisdale* with our other cited authorities, however. Even under the less-rigorous requirements of abuse-of-discretion review, Mr. O'Bryan's procedural challenge fails. Mr. O'Bryan bases his claim that the district court understood § 5G1.3(c) to be mandatory on two facts: (1) the district court cited no other source for its conclusion that the sentences should run consecutively, and (2) the district court used the phrase "this sentence *is* to be consecutive . . . because that's what the guidelines say." R., Vol. II, Tr. at 16 (emphasis added). After reviewing the record, we cannot agree.

First, the record clearly reveals that the district court understood that, as a general matter, the sentencing prescriptions of the Guidelines are not mandatory. Indeed, prior to sentencing, the court referred to its Guidelines calculations as "advisory." *Id.* at 7-8. Then, in imposing a sentence on Mr. O'Bryan, it considered the non-Guidelines factors of 18 U.S.C. § 3553(a) in some detail.

Second, § 5G1.3(c) is a Guidelines policy statement, and consequently, it has never been mandatory. *See Tisdale*, 248 F.3d at 978 (stating that "§ 5G1.3(c) imposes no duty on the sentencing court"); *United States v. Lee*, 957 F.2d 770, 771 (10th Cir. 1992) (declaring "that the policy statements of the U.S.S.G. must

be considered by the sentencing court but that they are advisory in nature"). Indeed, the obvious presence of non-mandatory language in § 5G1.3(c) (i.e., "may") and in its commentary (i.e., "recommends") almost certainly would have led any reader, even upon cursory inspection, to grasp § 5G1.3(c)'s non-binding nature.

In light of such permissive language, absent clear signs to the contrary, we would be hard-pressed to conclude that a district court felt compelled to follow § 5G1.3(c)'s sentencing advice. *Cf. Contreras-Martinez*, 409 F.3d at 1243 ("Because the guidelines [in Chapter 7] governing revocation of supervised release are policy statements, however, the district court was functioning under a sentencing regime that even before *Booker* was advisory. . . . The district court knew that it was not bound by the Chapter 7 policy statements."). We do not find such clear signals here in the district court's single, brief remark that the sentence "is to be consecutive . . . because that's what the guidelines say." To be sure, the import of the remark is not entirely clear. However, one could reasonably construe it as doing no more than describing § 5G1.3(c)'s permissive advice (i.e., that a sentence is to be consecutive), rather than (erroneously) acknowledging § 5G1.3(c)'s purported sentencing command. The mere fact that a district court references the Guidelines or follows its recommendations does not mean that the court has applied the Guidelines in a mandatory fashion. *Cf. Gall*, 128 S. Ct. at 596 ("As a matter of administration and to secure nationwide consistency, the

Guidelines should be the starting point and the initial benchmark."). In the context of the record as a whole, this one brief remark does not suggest that the district court committed procedural error by applying § 5G1.3(c) in a mandatory fashion in sentencing Mr. O'Bryan to a consecutive sentence.

Furthermore, we are not given pause by the fact that the district court only cited to § 5G1.3(c) in imposing the consecutive sentence. On these facts, the district court's silence as to other considerations that may have supported its action does not communicate anything meaningful concerning the issue of mandatory application of § 5G1.3(c). Moreover, this is not a situation where we might find error in a district court's failure to explain its sentence; that is not Mr. O'Bryan's argument. *Cf. Romero*, 491 F.3d at 1175 (where defendant challenged court's "fail[ure] to explain its reason for rejecting" his argument for a below-Guidelines sentence). Thus, we cannot conclude that the district court's failure to cite other grounds for its action suggests that it treated § 5G1.3(c) as anything other than an advisory policy statement.

Third, the parties' conduct at the sentencing proceeding signaled to the district court that the point of contention—the imposition of concurrent or consecutive sentences—related to an exercise of its discretion. In making his request for a concurrent sentence, Mr. O'Bryan directed the district court to 18 U.S.C. § 3584, which has long been interpreted as providing the statutory foundation for an exercise of district court discretion. *See, e.g.*, *United States v.*

-10-

*Russell*, 905 F.2d 1450, 1457 (10th Cir. 1990). And, in referring to the sentencing guidance offered by § 5G1.3(c)'s commentary, the government used the permissive word "recommend" (that is, "the sentencing guidelines recommend consecutive sentences with the undischarged term of imprisonment for revocation violation"). Accordingly, the parties' conduct communicated to the district court the discretionary nature of the sentencing decision at issue (i.e., a consecutive versus concurrent sentence).

In sum, based upon our review of the record, we are confident that the district court did not feel obliged to impose a consecutive sentence on Mr. O'Bryan pursuant to Guidelines § 5G1.3(c). Accordingly, the district court's sentencing order is **AFFIRMED.**

Entered for the Court

JEROME A. HOLMES
Circuit Judge