**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SIMON HERRERA-GONZALEZ,

Defendant-Appellant.

No. 08-2044

D. of N.M.

(D.C. No. 07-CR-01602-JB)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Simon Herrera-Gonzalez pleaded guilty, without a plea agreement, to illegally

reentering the United States in violation of 8 U.S.C. §§ 1326(a) and (b). Based on the

offense level of 21 and criminal history of IV, he fell within a sentencing range of 57–71

months under the United States Sentencing Guidelines (USSG). Herrera-Gonzalez filed

objections to the pre-sentence report (PSR), and requested a variance and downward

departure on several grounds. The district court agreed in part, and after adjusting

Herrera-Gonzalez's criminal history category and granting a downward departure, the

district court sentenced him to 38 months in prison.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On appeal, Herrera-Gonzalez claims the district court considered an improper factor when determining his sentence variance, and wrongly denied his request for two downward departures. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we AFFIRM.

## I. Background

Herrera-Gonzalez pleaded guilty to illegally reentering the United States after a prior deportation in violation of 8 U.S.C. §§ 1326(a) and (b).

In preparation for sentencing, his PSR revealed two prior convictions: one for drug trafficking with a sentence of nine years' imprisonment, and another for use or possession of drug paraphernalia with a sentence of 364 days in jail. The PSR calculated Hererra-Gonzalez's base offense level as eight and added a 16-level enhancement for prior deportation subsequent to a conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months. *See* USSG § 2L1.2(b)(1)(A)(i). After a downward adjustment for acceptance of responsibility, the PSR arrived at a total offense level of 21. The PSR determined Hererra-Gonzalez's criminal history category was IV, but recommended a downward adjustment to III under USSG § 4A1.3 because the criminal history category IV over-represented the seriousness of his criminal conduct. Hererra-Gonzalez objected in part to the PSR and sought a variance under § 3553(a), as well as a further downward departure. In his objections, Hererra-Gonzales did not request a specific sentence.

At sentencing, the district court agreed with the PSR and adjusted Herrera-Gonzalez's criminal history category down to III, which changed the Guidelines sentencing range from 57–71 months to 46–57 months. Herrera-Gonzalez reiterated his objections to the PSR, and asked for a downward departure under USSG § 5K2.0 and § 5H3.1 for cultural assimilation and family ties. He contended (1) he was assimilated by virtue of living and working in he United State for many years, and that (2) he had extensive family ties, including his wife and children who all reside in the United States and are citizens. Herrera-Gonzalez also reiterated his request for a downward departure under USSG § 5K2.11 for "lesser harm," namely that he had violated the law to avoid a greater harm, because he re-illegally entered the United States to care for his family. The district court rejected both downward departure requests, in part because Herrera-Gonzalez's situation fell within the heartland of illegal reentry cases, as well as finding that his case did not otherwise qualify for the downward departure provisions.

During sentencing, as part of his request for downward departures, Herrera-Gonzalez mentioned that he rejected a fast-track plea offer,[1] as part of his request for a lesser sentence. Under the fast-track program, if Herrera-Gonzalez accepted the fast-track offer, he would have had to give up the ability to request additional downward departures. In response, the government clarified, "as the defendant stated, this case was initially fast-track eligible. He opted not to take the fast-track agreement, thereby

---

[1] *See generally United States v. Jarrillo-Luna*, 478 F.3d 1226, 1228 n.1 (10th Cir. 2007) (describing history of the fast-track sentencing program).

depriving himself of having a lower offense level. . ." R., Vol. III at 20. The potential sentencing range if Herrera-Gonzalez had accepted the fast-track offer would have been 37–46 months, and the government indicated it would not object to a sentence of 37 months even though the defendant had not accepted an offer under the program.

The district court went on to grant a downward variance, stating that it "was not aware until today that [Herrera-Gonzalez] had turned down a fast-track program that would have put [the sentencing range] into the 30's." *Id.* at 23. The new information did not materially change the district judge's view of the case, "that's what I had a feel for, and that may be because most defendants take the fast-track program." *Id.* After granting a downward variance and imposing a 38-month sentence, the court explained, "this sentence is reasonable; I think it also addresses some of the disparity between similarly situated people. He's not completely similarly situated to those people who have the fast-track because he retains his right to make arguments both here and in the Tenth Circuit. . . but he is closer to those . . . [than] to people in the 46 range." *Id.* at 25.

Thus the district court denied Herrera-Gonzalez's request for downward departures, but granted a downward variance and sentenced Herrera-Gonzalez to 38 months' imprisonment—eight months below the low-end of the applicable Guidelines range.

## II. Discussion

On appeal, Herrera-Gonzalez makes two challenges: (1) the district court considered an improper factor—namely the fast-track issue—when determining his

sentence; and (2) the district court's discretionary decision not to grant two downward departures was in error.

*Consideration of fast-track range*

Herrera-Gonzalez appeals the procedural reasonableness of his sentence, claiming the district court considered an improper factor when discussing the potential fast-track sentencing range. He does not challenge the substantive reasonableness of his sentence.

We review for plain error since Herrera-Gonzalez did not make his objection to the district court's evaluation of the fast-track program during sentencing. "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

For this appeal we assume, without deciding, the first three prongs of plain error analysis are satisfied. *See United States v. Goode*, 483 F.3d 676, 682 (10th Cir. 2007) (assuming first three elements of plain error while addressing the fourth prong). Even assuming the first three prongs of plain error are satisfied, Herrera-Gonzalez's appeal cannot meet the fourth prong.

Under the fourth prong of plain error, when the error is non-constitutional as in this case, a defendant must make a "demanding" showing that allowing the error to stand would be "particularly egregious" and would constitute a "miscarriage of justice." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 736–37 (10th Cir. 2005) (en banc)

-5-

(internal quotation omitted); *see also United States v. Dowlin*, 408 F.3d 647, 671 (10th Cir. 2005); *United States v. Trujillo-Terrazas*, 405 F.3d 814, 820 (10th Cir. 2005). Thus, we will not "notice the forfeited error" unless the fairness, integrity, or public reputation of the judiciary is affected by the plain error. *United States v. Barrett*, 496 F.3d 1079, 1094 n.6 (10th Cir. 2007) (quoting *United States v. Jackson*, 327 F.3d 273, 305 (4th Cir. 2003)). After carefully reviewing the record, we conclude Herrera-Gonzalez fails to satisfy the fourth prong of plain error.

First, the district court gave Herrera-Gonzalez a generous downward variance, thereby minimizing any potential consequence of the alleged error. Facing a Guidelines range of 46–57 months, the district court rejected all of Herrera-Gonzalez's arguments for downward departures, but still opted to give an eight-month downward variance, sentencing him to 38 months' imprisonment. The district court viewed the sentence as justified by the need to minimize the disparity between similarly situated defendants, and to properly reflect the seriousness of his crime.

Second, Herrera-Gonzalez fails to show he would have likely received a sentence below 38 months if the district court would not have considered the presumptive fast-track range. Importantly, Herrera-Gonzalez only made general requests for a variance below the Guidelines range, asking the court in his objection to the PSR to "impose a reasonable sentence below the applicable Guideline range." R., Vol. I, Doc. 16, at 8. At sentencing, his counsel again relied on a non-specific request for a sentence below the Guidelines range, asking the judge to "consider a downward departure and/or variance as

you deem just and appropriate." R., Vol. III, at 15. Herrera-Gonzalez got what he asked for—the district court granted his variance for a sentence below the Guidelines range. He made no further objection to the sentence as it was handed out by the court.

Now on appeal, Herrera-Gonzalez crafts a new argument, claiming the generous variance was not quite generous enough. His contention that the district court would have given an even lower sentence had the court not considered the fast-track option at sentencing is entirely speculative. Herrera-Gonzalez claims the fast-track range acted as a "baseline," discouraging the district court from sentencing below a supposed floor.[2] Aplt. Opening Br. at 4. But Herrera-Gonzalez never specifically requested a sentence below the fast-track range; instead relying on general requests for a sentence below 46 months, which he indeed received. And, in any event, the district court did not err in considering all of the factors relevant to his sentence under § 3553(a) including similarly situated aliens facing deportation.

Because Herrera-Gonzalez received a generous downward variance, and there is no indication the district court would have given an even greater variance, we are satisfied that no plain error occurred. Herrera-Gonzalez's sentence does not constitute a miscarriage of justice, nor can we view the result as particularly egregious if left unchanged. *See Gonzalez-Huerta*, 403 F.3d at 736.

---

[2] While we do not agree with Herrera-Gonzalez's characterization that the district court set a floor when discussing the fast-track range, it ultimately does not matter for purposes of our plain error analysis.

*Downward departures*

Herrera-Gonzalez also challenges the district court's decision not to grant a downward departure under two Guidelines provisions: (1) for cultural assimilation and family ties under USSG §§ 5K2.0 and 5H3.1, and (2) for lesser harm under USSG § 5K2.11. We will not review the district court's discretionary decision to deny a downward departure. *United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006) ("[W]e do not have jurisdiction to review the district court's discretionary decision to deny a downward departure. . . .").

Finally, we note that even if we reached the merits of these arguments, neither is persuasive. As to family ties and cultural assimilation, the district court correctly found that Herrera-Gonzalez's situation did not fall outside the heartland of similar cases. As to the lesser harm departure, the Guidelines provision Herrera-Gonzalez relies on, USSG § 5K2.11, does not apply to illegal reentry cases. *See United States v. Hernandez-Baide*, 392 F.3d 1153, 1157–58 (10th Cir. 2004), *vacated on other grounds*, 544 U.S. 1015 (2005).

Thus, Herrera-Gonzalez's challenge of the district court's downward departure determinations are outside our jurisdiction and without merit.

### III. Conclusion

For the foregoing reasons, we AFFIRM Herrera-Gonzalez's sentence.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge