HOLMES, Circuit Judge,
concurring.
I respectfully concur. I agree with the outcome of the majority’s opinion and, with one exception, endorse its reasoning. The exception involves Part II.D. In particular, I write separately to express my view that Mr. Morgan forfeited his claim that the district court should have declared a mistrial after the jury heard potentially improper Rule 404(b) evidence. Thus, rather than affirming under the abuse-of-discretion standard, I would review this claim for plain error and affirm under that rubric.
The majority correctly notes that we generally review the refusal to grant a mistrial for an abuse of discretion. See United States v. Stiger, 413 F.3d 1185, 1194 (10th Cir.2005). But we do so only when the mistrial decision is “squarely presented” to the district court. United States v. Taylor, 514 F.3d 1092, 1096 (10th Cir.2008). As I read our precedent, there can be no abuse of discretion in this regard if the defendant never requested a mistrial. See United States v. Meienberg, 263 F.3d 1177, 1180 (10th Cir.2001) (“Where there has been no motion for a mistrial ..., the district court has not exercised its discretion, and therefore it is meaningless to look for an abuse of discretion.” (quoting United States v. Gabaldon, 91 F.3d 91, 94 (1996)) (internal quotation marks omitted)). The record indicates that Mr. Morgan never gave the district court an opportunity to exercise its discretion by seeking a mistrial on the alleged 404(b) issue.
Nonetheless, Mr. Morgan contends that “[he] implied that there was a motion for a mistrial,” Oral Argument at 14:55, United States v. Morgan (No. 12-1408), and the majority seems willing to entertain this possibility. See Majority Op. at 1039 (noting that Mr. Morgan failed to “ask explicitly for a mistrial before or after the district court acted” but “[a]ssuming without deciding he raised the mistrial issue when he said no limiting instruction could cure the Rule 404(b) problem”). However, I believe the more prudent course is not to countenance, even tacitly, “implied-mistrial” arguments, lest in so doing, we suggest that district courts should act as advocates for defendants — obliged to apprehend and respond to such implied arguments. That would be error, for “the court cannot take on the responsibility of serving as the litigant’s attorney in constructing arguments.” Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir.2005).
In my opinion, our precedent makes clear that (1) mounting a vague objection to the evidence in question does not “squarely present” a mistrial request; and (2) in this case, Mr. Morgan forfeited his 404(b)-mistrial challenge in prototypical fashion and, accordingly, he is entitled to no more than plain-error review. See United States v. Anaya, 727 F.3d 1043, 1059 (10th Cir.2013) (“[The defendant] did not request a mistrial. We therefore review the district court’s failure to grant a mistrial sua sponte ... for plain error ... [and conclude that] the district court was not clearly obligated to grant a mistrial *1045 sua sponte.”); Taylor, 514 F.3d at 1096 (applying plain-error review when the defendant “did not [expressly] move for a mistrial and the court rapidly responded with a curative instruction”); id. at 1100 (finding “no authority for the proposition that the district court was clearly obliged ... to grant a mistrial sua sponte ”); United States v. Devous, 764 F.2d 1349, 1356 (10th Cir.1985) (“The court sustained the defense’s objection [to an alleged error]. [The defendant] now contends that ... the court should have granted a mistrial sua sponte. We disagree.”); United States v. Crawford, 707 F.2d 447, 450 (10th Cir.1983) (“[I]n the absence of a motion for mistrial, we must weigh the prejudicial effect of the [error] with the weight of the evidence pointing to ... guilt”).
Under the plain-error standard, even assuming arguendo that the court’s alleged error on this score was “clear or obvious under current law,” United States v. Goode, 483 F.3d 676, 681 (10th Cir.2007) (internal quotation marks omitted), I would affirm the district court’s judgment because any error did not impact Mr. Morgan’s substantial rights. Mr. Morgan has not argued that, but for the district court’s inaction, an acquittal was likely — and, given the copious evidence supporting the verdict (as noted by the majority, supra), I am confident that he could not have made such a showing. Mr. Morgan also benefitted from rigorous cross-examination of witnesses and two limiting instructions regarding the Rule 404(b) evidence, which would belie any suggestion that his substantial rights were affected. In other words, I would conclude that his claim fails under the third prong of our plain-error test.
In sum, I fully join in the panel’s ultimate decision to affirm. However, regarding Part II.D — addressing the 404(b)-mis-trial challenge — I would affirm on different grounds, concluding that Mr. Morgan forfeited this challenge and has not satisfied the plain-error standard.