**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD MENDEZ,

Defendant - Appellant.

No. 09-3215
(D.C. No. 2:07-CR-20065-JWL-2)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Edward Mendez pleaded guilty in the United States District Court for the

District of Kansas to one count of possession of cocaine with intent to distribute

and one count of conspiracy (from December 1, 2006, through March 9, 2007) to

possess cocaine with intent to distribute. *See* 21 U.S.C. §§ 841, 846. He was

sentenced to 240 months' imprisonment; but on appeal the government admitted

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

error and we remanded for resentencing.  *See United States v. Mendez*, 319 F. App'x 739, 740–41 (10th Cir. 2009) (unpublished).  Mr. Mendez now appeals from his revised sentence of 180 months, claiming errors related to the district court's use of uncharged conduct to enhance his sentence.  We affirm.

## I.    BACKGROUND

In sentencing Mr. Mendez, the district court attributed to him 4½ pounds of a methamphetamine mixture that was 41% pure.  His appeal focuses on the use of this methamphetamine in computing his offense level under the United States Sentencing Guidelines.  The methamphetamine was attributed to him based on the sentencing-hearing testimony of Fernando Cardenas-Rangel, who said that he had bought five or more pounds of the drug from Mr. Mendez between the summer of 2006 and October 30, 2006, although on one occasion he had returned half a pound to Mr. Mendez.  When he was arrested on October 30, 2006, Cardenas-Rangel was in possession of one pound of methamphetamine, which was tested as 41% pure.

Mr. Mendez asserts three challenges to the procedural reasonableness of his sentence.  All relate to the use of the methamphetamine to calculate his sentence: (1) The district court should not have attributed the methamphetamine to him when determining his sentence because there was no relationship between that methamphetamine and the offense of conviction.  (2) Instead of using the guideline level for pure methamphetamine by calculating the actual amount of

pure methamphetamine in the 4½ pound mixture (assuming 41% purity), the court should have used the guideline level for a methamphetamine mixture (weighing 4½ pounds).  (3) The court's reliance on uncharged conduct (both the methamphetamine sales and possession of a firearm) in his sentencing violated his Sixth Amendment right under *United States v. Booker*, 543 U.S. 220 (2005), to a jury determination of the facts supporting his sentence.

## II.    ANALYSIS

### A.    Related Conduct

Mr. Mendez claims that the methamphetamine sales were unrelated to his cocaine-based offenses because the methamphetamine sales were not part of the conspiracy for which he was convicted and lacked similarity or a temporal relationship to the charged conduct.  "Because [Mr. Mendez] did not raise this issue below, we review the district court's sentencing decision for plain error." *United States v. Delacruz-Soto,* 414 F.3d 1158, 1162 (10th Cir. 2005).

> To establish plain error, [Mr. Mendez] must demonstrate that the district court (1) committed error, (2) that the error was plain, and (3) that the plain error affected his substantial rights.  If the error meets all these conditions, a reviewing court may exercise discretion to correct the error if allowing the error to stand would seriously affect the fairness, integrity, or public reputation of judicial proceedings.

*Id.* (citations omitted).

"Relevant Conduct" to be used in calculating a defendant's offense level includes "all acts and omissions . . . that were part of the same course of conduct

or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2) (2007). "For two or more offenses to constitute part of a common scheme or plan, they must be substantively connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." *Id.* cmt. n.9(A). "Offenses . . . qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or *ongoing series of offenses*." *Id.* cmt. n.9(B) (emphasis added). "[W]hen determining whether certain activity qualifies as relevant conduct under the Guidelines, similarity, regularity, and temporal proximity are the significant elements to be evaluated." *United States v. Caldwell*, 585 F.3d 1347, 1350 (10th Cir. 2009) (brackets and internal quotation marks omitted).

Testimony at Mr. Mendez's sentencing hearing showed that between 2000 and his arrest in 2007, Mr. Mendez had been involved in continuing drug sales, including (1) distribution of between 200 and 500 pounds of marijuana over a five-year period beginning in 2000, (2) distribution of 20 kilograms of cocaine between 2004 and the time of his arrest, and (3) distribution of methamphetamine to Cardenas-Rangel in 2006. Because the district court could reasonably find that the methamphetamine sales were part of an ongoing series of unlawful drug sales, the court did not commit error, much less plain error, in considering the methamphetamine sales as relevant conduct. *See United States v. Lauder*, 409

F.3d 1254, 1266–67 (10th Cir. 2005).  In particular, we cannot say that the court erred in finding Cardenas-Rangel credible.  *See United States v. Hanson*, 534 F.3d 1315, 1319 (10th Cir. 2008) (sentencing judge makes credibility determinations).

## B.    Offense Level Based on Methamphetamine

Mr. Mendez also challenges the decision of the district court to base his sentence on the amount of pure methamphetamine attributed to him.  Because he raised this procedural-reasonableness issue below, we review for abuse of discretion.  *See United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009).

The guidelines provide two methods for calculating offense levels based on unlawful dealings with methamphetamine.  First, the calculation can be based on the weight of the "controlled substance [methamphetamine]," which is "the entire weight of any mixture or substance containing a detectable amount of the controlled substance [methamphetamine]."  USSG § 2D1.1(c) n.(A) (2007).  The alternative is to base the calculation on the quantity of "Methamphetamine (actual)," which is "the weight of the [methamphetamine], itself, contained in the mixture or substance."  *Id.* n.(B).  The guidelines state that the court should calculate the offense level using both methods and then use "whichever is greater."  *Id.*

The district court did precisely what the guidelines require.  Mr. Mendez claims, however, that the rule of lenity requires that he be sentenced based on the lower calculation—in his case, using the level for the mixture.  But the rule of

lenity applies only to ambiguous laws, and the guidelines involved here are precise. We have previously rejected the identical lenity argument. *See United States v. Decker*, 55 F.3d 1509, 1513 (10th Cir. 1995).

Mr. Mendez attempts to distinguish *Decker* on the ground that it was decided when the guidelines were mandatory, and that current law making them only advisory renders them ambiguous here. But the presence of sentencing discretion does not mean that the trial court *must* vary from the guidelines range. And a guideline does not become ambiguous simply because a court need not follow precisely what it says. We conclude that the district court did not err in calculating Mr. Mendez's guidelines sentencing range. We add that insofar as Mr. Mendez is complaining that the guidelines calculation was incorrect because the court treated the methamphetamine as "ice," he relies on a faulty factual premise. The court did not treat the methamphetamine as ice.

Having correctly calculated Mr. Mendez's guidelines sentencing range, the district court was not required to give a lengthy explanation for its sentence within the guidelines range. *See Rita v. United States*, 551 U.S. 338, 356 (2007). The district court adequately articulated its reasons for imposing a 180-month sentence.

## C. Alleged *Booker* Violation

Finally, Mr. Mendez argues that his Sixth Amendment right under *Booker* was violated because the district court based his sentence on facts not found by a

jury beyond a reasonable doubt.  We have repeatedly rejected this argument, *see, e.g.*, *United States v. Ivory*, 532 F.3d 1095, 1103 (10th Cir. 2008), and do so again today.

## III.	CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge