**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TAE H. CHON,

    Defendant - Appellant.

No. 07-4240
(D.C. No. 2:01-CR-00487-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

Defendant-Appellant Tae H. Chon appeals his conviction after a jury trial on one count of possessing pseudoephedrine in violation of 21 U.S.C. § 841(c)(2). He was acquitted of two counts of distributing pseudoephedrine. Mr. Chon seeks reversal and a remand for a new trial, contending that the district court violated his Sixth Amendment rights when it (1) abused its discretion by admitting the testimony of a government witness where a juror was familiar with the witness; and (2) did not disqualify a juror or at least inquire further into any possible bias

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on the part of that juror <u>sua sponte</u> once it became apparent that the juror knew the witness. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Background

Mr. Chon's conviction arose from a series of transactions involving a confidential informant, Elijah Wisden. IV R. at 48. Mr. Wisden assisted the Drug Enforcement Agency (DEA) beginning in January 2001 by identifying pseudoephedrine[1] sellers in the Salt Lake City area, and Mr. Chon was one such seller with whom Mr. Wisden had previously dealt. <u>Id.</u> at 48-49. On April 24, 2001, Mr. Chon sold Mr. Wisden one case of pseudoephedrine pills for $2,800 from outside his Corner Market store. <u>Id.</u> at 49, 75. Mr. Wisden recorded the conversation for the DEA. <u>Id.</u> at 72. In that conversation, Mr. Wisden requested that Mr. Chon "pop them out" like he had before—take the pills out of any packaging, making it easier to create methamphetamine. <u>Id.</u> at 74. He also told Mr. Chon that he was planning to "make a couple pounds." <u>Id.</u> at 72. The next day, Mr. Wisden bought two more cases of pseudoephedrine from Mr. Chon and, during this conversation (also recorded), Mr. Wisden stated that he wanted to buy more cases next week to make a couple more pounds and again requested that these pills be "out of the packages." <u>Id.</u> at 81. On May 9, 2001, Mr. Wisden

---

[1] Ephedrine is a key component in the manufacture of methamphetamine. IV R. at 74.

purchased more pseudoephedrine from Mr. Chon and Mr. Chon was arrested by

DEA agents.  Id. at 14, 97.

Mr. Chon was indicted on August 22, 2001 for two counts of distribution of

pseudoephedrine (counts I and II) and one count of possession of

pseudoephedrine (count III).  I R. at 1-2.  At trial, Mr. Chon's sole defense was

that he did not distribute or possess pseudoephedrine "knowing, or having

reasonable cause to believe" that the pseudoephedrine would be used to

manufacture methamphetamine.  Id.; Aplt. Br. at 3.  He contended that, as a

native of Korea, he did not have a sufficient proficiency in the English language

to understand that Mr. Wisden would use the pseudoephedrine to manufacture

methamphetamine.  III R. at 14; Aplt. Br. at 3.

The defense relied on a linguistics expert who testified that Mr. Chon did

not have proficiency in the English language sufficient to understand the

unlawfulness of his conduct.  VI R. at 9.  To rebut the defense expert and Mr.

Chon's own testimony on this point, the government called a rebuttal witness,

Kevin Prusse.  V R. at 77.  Mr. Prusse served with Mr. Chon in the National

Guard and the government had not previously disclosed him as a witness.[2]  Id. at

_____

[2] Mr. Chon concedes that "[t]he government is correct in its contention that
it has no duty to disclose the name[s] of witnesses in advance of trial."  Aplt.
Reply Br. at 9; see United States v. Nevels, 490 F.3d 800, 803 (10th Cir. 2007)
("'It is settled law in this circuit that, in the absence of a statutory or
constitutional requirement, . . . there [is no] requirement that the government
disclose its witnesses in any manner, except in a case where trial is for treason or
other capital offense." (quoting United States v. Baca, 494 F.2d 424, 427 (10th

- 3 -

77, 82. Shortly after he began his testimony, Mr. Chon's counsel expressed a concern to the district court that someone on the jury might know Mr. Prusse. Id. at 77. After the district court asked the jury whether any of them knew Mr. Prusse, a juror stated that she was his neighbor, that "[w]e know each other pretty good," and that she "kn[ew] he's been on a mission to Korea." Id. at 78.

At a conference outside the hearing of the jury, Mr. Chon's counsel argued that "this witness should not be allowed to testify" because it "causes too much trouble to allow a neighbor to testify" and regretted that there was no alternate juror. Id. at 78, 80. The government remarked that it had not received a supplemental expert report containing an interview of Mr. Chon regarding his life history until the Friday before the Monday on which the trial started. Id. at 79-80. According to the government, it was not clear from the supplemental report that Mr. Chon had fully disclosed his experience in the National Guard as a translator and interrogator. Id. at 81. The initial expert report disclosed by the defendant only contained a linguistics analysis. Id. The government "had been working on trying to find a witness for a short period of time and it took several channels through the military to find someone who personally knew Mr. Chon." Id. at 79.

The district judge concluded that, "[u]nder the circumstances, the prejudice to the government of not having the [supplemental] report until Friday afternoon, Cir. 1974) (ellipsis and editorial changes in original))).

- 4 -

I have to allow him to testify." Id. at 81. Mr. Chon's counsel then inquired about giving the jury a special instruction regarding the relationship and, after the government requested the initial instruction that "no one witness's testimony is to be given more credibility than any other," id., Mr. Chon's counsel began to formulate an alternative instruction but then stated: "I don't want to get too involved," id. at 81-82. The district court then indicated that it would attempt to find an applicable jury instruction and would be "happy to give an instruction to try to mitigate this." Id. at 82.

After Mr. Prusse testified as to Mr. Chon's proficiency in the English language, id. at 82-88, the district court held a conference in chambers, id. at 89. After remarking that it could not find any useful special instruction, the district court asked counsel to proffer one after it instructed the jury, stating its concern that it did not "want to emphasize too much the importance of [Mr. Prusse's] testimony, particularly since the testimony was of marginal value really in the end." Id. After the district court instructed the jury, neither the government nor Mr. Chon offered any additional instruction after an inquiry by the district court. Id. at 90. Mr. Chon's counsel stated that "of course our objection to that still stands" and the district judge replied, "I understand that." Id.

Mr. Chon was acquitted on counts I and II but was found guilty on count III, possession of pseudoephedrine. I R. (Verdict Form). He was sentenced to 180 months' imprisonment followed by 36 months of supervised release. VII R.

at 19-20.  This appeal followed.  II R. (Notice of Appeal).

Discussion

The Sixth Amendment to the Constitution guarantees the right of a criminal defendant to be tried by "an impartial jury."  U.S. Const. amend. VI.  "[A]n impartial jury" is "a jury capable and willing to decide the case solely on the evidence before it."  United States v. Brothers, 438 F.3d 1068, 1071 (10th Cir. 2006) (quotation omitted).  "Clearly, such a jury must be composed of members who not only are free of bias in favor of or against a particular party but are also able, in a more basic sense, to carry out their function."  Id.  A district judge is permitted to disqualify a juror for good cause after the trial begins, see Fed. R. Crim. P. 23(b)(2)(B), and such cause includes juror illness or unavailability, and when the district judge discerns evidence indicating that the juror is no longer able to render an impartial verdict.  Brothers, 438 F.3d at 1071-72 (citing United States v. Anderson, 303 F.3d 847, 853 (7th Cir. 2002)).  With these precepts in mind, we turn to Mr. Chon's contentions.

I.      Admission of Mr. Prusse's Testimony

Mr. Chon first contends that the district court abused its discretion by admitting Mr. Prusse's testimony in violation of his Sixth Amendment right to be tried by an impartial jury.  Aplt. Br. at 9-10.  He argues that one juror personally knew Mr. Prusse, vouched for his language abilities, credibility, and religious and

- 6 -

moral character before the entire jury, and provided information not otherwise in evidence about Mr. Prusse. Id. at 10-11. The district court's admission of Mr. Prusse's testimony, he asserts, therefore made the trial unfair. Id. at 11.

"This court reviews a district court's decision to admit evidence for an abuse of discretion."[3] United States v. Williams, 376 F.3d 1048, 1054 (10th Cir. 2004). A district court commits an abuse of discretion when its decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Atencio, 435 F.3d 1222, 1235 (10th Cir. 2006) (internal quotation omitted).

The government argues that Mr. Chon provided no basis for the exclusion of Mr. Prusse's testimony. See Aplee. Br. at 14-16. At the sidebar conference, Mr. Chon's counsel stated that "I think that causes too much trouble to allow a neighbor to testify," V R. at 78, and that "I regret now that we don't have an alternate," id. at 80. It is clear from the record that the district court was well aware of *some* objection to the testimony, and even suggested an instruction might be the remedy. A precise evidentiary objection, however, is lacking.

On appeal, Mr. Chon only provides Fed. R. Evid. 403 as a basis upon which to cure unconstitutional juror bias by excluding evidence (although it does not

---

[3] Mr. Chon argues that we should review the district court's decision to permit Mr. Prusse to testify under the same abuse-of-discretion standard we would use for the denial of a mistrial motion. Aplt. Br. at 9. Because the Sixth Amendment is involved, Mr. Chon contends that any error can only be harmless if it is harmless beyond a reasonable doubt. Id. at 9-10. We have no reason to address this issue because we conclude that the district court did not abuse its discretion or err in admitting Mr. Prusse's testimony.

appear that this rule was ever expressly invoked below).  Aplt. Reply Br. at 15-16.  Fed. R. Evid. 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."  Mr. Chon does not provide any case law demonstrating the use of a Rule 403 objection to exclude evidence based on a juror's familiarity with a witness.  As the government points out, to the extent Mr. Chon sought a remedy for alleged juror bias, requesting additional voir dire, attempting to disqualify the juror, or moving for a mistrial would have been more direct.  See Aplee. Br. at 16-19.  Given the objection made, however, we determine that the district court did not abuse its discretion in admitting Mr. Prusse's testimony.[4]

"The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different than proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997).  This is commonly an improper emotional basis for a decision.  Id.  The "probative value" to be weighed against the risk of unfair prejudice particular evidence might incite may be calculated by comparing evidentiary alternatives.  Id. at 184.

In this case, the government explained its predicament of obtaining

---

[4] We doubt that Rule 403 addresses the problem of juror bias.  Rather, it is usually applied to evidence, that on account of its content, may have a prejudicial effect.  In the event that a juror knows a witness and would be biased based on that relationship, the normal remedy would be to excuse the juror, not to exclude the evidence.

someone familiar with Mr. Chon's National Guard experience on short notice, so we cannot say there were any feasible evidentiary alternatives. In addition, although the district court, in the jury-instruction conference, expressed the concern that "I don't want to emphasize too much the importance of [Mr. Prusse's] testimony, particularly since the testimony was of marginal value really in the end," V R. at 89, Mr. Chon emphasizes the importance of Mr. Prusse's testimony on appeal, Aplt. Br. at 13.[5] Thus, the "concededly relevant evidence" at issue here was highly probative (the government certainly had a right to rebut the testimony of Mr. Chon's expert) and had to be balanced with any risk of unfair prejudice on the part of the jury that could result from the admission of that evidence. Old Chief, 519 U.S. at 180.

In this case, any danger of unfair prejudice is attenuated at best. We reject Mr. Chon's contention that the juror's responses, on their face, suggest that the juror could not be fair and impartial regarding Mr. Prusse's testimony. See Aplt. Reply Br. at 4. The juror merely expressed that she knew Mr. Prusse "pretty good," that she was his neighbor, and that she knew he did a mission to Korea. V R. at 78. The probative value of Mr. Prusse's testimony, on the other hand, "went straight to the heart of the defense theory." Aplt. Br. at 11. The district court

_____

[5] "Mr. Chon's lack of English proficiency was a realistic defense to the 'knowledge' element of the offenses. It was the only defense presented, and the jury acquitted Mr. Chon of the first two counts. Without Mr. Prusse's improperly admitted testimony, the jury could have easily acquitted Mr. Chon on the third count as well." Aplt. Br. at 13 (emphasis in original).

therefore did not abuse its discretion in admitting Mr. Prusse's testimony. <u>See</u> <u>Williams</u>, 376 F.3d at 1054.

    II.    <u>Juror Disqualification/Examination</u>

Mr. Chon next argues that he was denied his Sixth Amendment right to an impartial jury when the district court did not disqualify the juror who knew Mr. Prusse or did not at least further inquire into the extent of the juror's relationship with Mr. Prusse. Aplt. Br. at 15. The government responds by arguing that Mr. Chon has waived this issue because he never moved for a mistrial, to have the juror disqualified, or for additional examination of the juror about her relationship with Mr. Prusse. Aplee. Br. at 20.

We agree with the government that this issue has been waived, but for a different reason.[6] Mr. Chon intentionally relinquished or abandoned his right to have the juror disqualified under Fed. R. Crim. P. 23(b)(2)(B) below and this fact bars our review. V R. at 80; <u>see</u> <u>United States v. Jones</u>, 530 F.3d 1292, 1298 n.1 (10th Cir. 2008). "Waiver" means the "'intentional relinquishment or abandonment of a known right.'" <u>Jones</u>, 530 F.3d at 1298 n.1 (quoting <u>Johnson v.</u> <u>Zerbst</u>, 304 U.S. 458, 464 (1938)). This is different than "forfeiture" (sometimes mistakenly called "waiver") which "is the failure to make the timely assertion of a right." <u>Id.</u> (internal quotation omitted). "[W]aiver is accomplished by intent, but

---

    [6] Mr. Chon argues that additional examination of the juror would not have made any difference, Aplt. Reply Br. at 4, but regardless, and as we discuss below, Mr. Chon waived any such challenge involving juror bias.

forfeiture comes about through neglect." United States v. Carrasco-Salazar, 494 F.3d 1270, 1272 (10th Cir. 2007) (internal quotation and brackets omitted). Forfeiture, as opposed to waiver, occurs "when there is no suggestion of a knowing, voluntary failure to raise the matter." United States v. Goode, 483 F.3d 676, 681 (10th Cir. 2007). We do not review "waived" rights even for plain error. Jones, 530 F.3d at 1298 n.1.

The record in this case reveals that Mr. Chon's counsel contemplated juror disqualification when he stated, during the sidebar conference held immediately after the juror's relationship with Mr. Prusse was revealed, that "I regret now that we don't have an alternate."[7] V R. at 80. Clearly, Mr. Chon understood the possibility of juror disqualification and its ramifications (a new trial, or possibly an eleven-person jury pursuant to Fed. R. Crim. P. 23(b)(2)(A)) and intentionally abandoned any right he may have had to this remedy. See Aplt. Reply Br. at 5-6; Jones, 530 F.3d at 1298 n.1. The record is clear that Mr. Chon's counsel was aware of his juror-disqualification option below and declined to pursue it. Mr. Chon's counsel made a strategic decision to complete the trial with the juror in question and cannot now claim error on appeal. See United States v. Bradshaw, 787 F.2d 1385, 1391 (10th Cir. 1986). At oral argument, the government related that Mr. Chon persuaded the district court to strike certain unfavorable evidence based upon discovery violations. That evidence included the testimony by Mr.

---

[7] We do not know why there were no alternate jurors.

- 11 -

Wisden that Mr. Chon previously requested that certain bottles containing pseudoephedrine should be destroyed so they could not be traced back to Mr. Chon and testimony by the government's expert about records from the Utah National Guard tending to show that Mr. Chon had been an interrogator speaking both English and Korean. Had there been a retrial, such evidence probably would not be excluded for lack of notice. Thus, the decision not to move for a mistrial was more than mere neglect, see Carrasco-Salazar, 494 F.3d at 1272, and was a "knowing, voluntary failure to raise the matter," Goode, 483 F.3d at 681. Mr. Chon has therefore waived any right he may have had to juror disqualification and we refuse to address his argument on this point, even for plain error. See id. To do otherwise would cause Mr. Chon to "speculate on the result of the juror['s]" relationship with Mr. Prusse, United States v. Ramsey, 726 F.2d 601, 604 (10th Cir. 1984), something we cannot allow.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge