FILED
United States Court of Appeals
Tenth Circuit

May 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

TAE H. CHON,

     Defendant-Appellant.

No. 10-4226
(D.C. Nos. 2:09-CV-00654-TS and
2:01-CR-00487-TS-1)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.


     A jury convicted Tae Chon of possessing pseudoephedrine while knowing, or having reasonable cause to believe, it would be used to manufacture methamphetamine. *See* 21 U.S.C. § 841(c)(2). On direct appeal, this court affirmed. *United States v. Chon*, 291 F. App'x 877, 883 (10th Cir. 2008) (unpublished). Mr. Chon then filed a collateral challenge under 28 U.S.C. § 2255, seeking relief on approximately 20 grounds. The district court issued a memorandum opinion considering these claims and ultimately denying relief.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In response to that ruling, Mr. Chon sought reconsideration under Fed. R. Civ. P. 59. The district court found Mr. Chon's Rule 59 motion to be a "mixed" motion. To the extent that the motion was a "true" Rule 59 motion seeking to raise grounds for reconsideration, the district court held that it failed on the merits. To the extent that the motion really amounted to an attempt to argue new grounds for relief and thus amounted to a second § 2255 motion, the district court dismissed it for lack of jurisdiction, noting that before such a motion can be filed in a district court it must be authorized by this court.

Mr. Chon now seeks from this court a certificate of appealability (COA) to contest the district court's § 2255 and Rule 59 rulings. Generally we may grant COA only if an applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (internal quotation omitted). Because Mr. Chon proceeds in this court *pro se*, we review his pleadings with special solicitude.

Even so, we cannot grant a COA in this case. Before us, Mr. Chon first complains that the district court failed to docket his reply brief in support of his § 2255 motion in a timely manner. But the district court docket reveals that the

- 2 -

brief was filed with the court over a month before it issued its decision on the § 2255 motion; accordingly, there is no support for Mr. Chon's allegation that the district court was unable to consider all of his briefing before denying his § 2255 motion. Second, Mr. Chon argues his conviction and sentence should be overturned because of prosecutorial misconduct and ineffective assistance of counsel. But the district court amply explained why these arguments are unavailing. Third, Mr. Chon disputes the resolution of his Rule 59(e) motion, but here again our review reveals no reasonably debatable error in the district court's decision. Neither must a district court rule on a COA application, as Mr. Chon's COA application to this court suggests. If a district court does not expressly grant a COA, the request is deemed denied — though, of course, a COA application may be renewed in this court without prejudice flowing from its earlier denial in the district court. *See United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000). Indeed, this very matter comes to us in exactly that posture.

The application for COA and motion to proceed *in forma pauperis* are denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge