**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TAE H. CHON,

Defendant-Appellant.

No. 12-4165
(D.C. Nos. 2:09-CV-00654-TS
and 2:01-CR-00487-TS-1)
(D. of Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Tae Chon, a federal prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) pursuant to 28 U.S.C. § 2253(c)(1)(B). He also moves for

leave to proceed *in forma pauperis* (IFP) and appeals the district court's denial of

his motion for relief from judgment under Federal Rule of Civil Procedure

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

60(d)(3).[1]  Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Chon's request for a COA and motion to proceed IFP, and we affirm the district court's dismissal of his Rule 60(d)(3) motion.

## I. Background

A jury convicted Chon of violating 21 U.S.C. § 841(c)(2) by possessing pseudoephedrine while knowing, or having reasonable cause to believe, it would be used to manufacture methamphetamine.  On appeal, we affirmed his conviction.  *United States v. Chon*, 291 F. App'x 877 (10th Cir. 2008).  Chon subsequently filed a collateral challenge under 28 U.S.C. § 2255, asserting twenty grounds for relief, but the district court denied all relief.

Following the court's denial of Chon's first collateral attack, Chon filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  The district court construed the motion as a "mixed" motion—in part seeking to raise grounds for reconsideration and in part attempting to advance a new collateral attack.  To the extent Chon's motion raised proper grounds for reconsideration, the district court held that the motion failed on its merits.  To the extent Chon's motion sought a second collateral attack, the district court dismissed it for lack of jurisdiction.  On appeal, we declined to issue a COA and dismissed the appeal.  *United States v. Chon*, 434 F. App'x 730 (10th Cir. 2011).

---

[1]  We construe Chon's filings liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Chon then filed a motion arguing that his conviction should be vacated because of fraud on the court. The district court questioned whether the motion should be construed as a Rule 60(b) motion (challenging a procedural ruling or a defect in the habeas proceeding), yet another § 2255 motion, or in fact an independent action for fraud on the court as permitted by Rule 60(d)(3). *See* Fed. R. Civ. P. 60(d)(3) ("Other Powers to Grant Relief. This rule does not limit a court's power to . . . set aside a judgment for fraud on the court."). Concluding Chon's request for relief failed under any of these theories, the district court left the question unanswered and denied Chon's motion. *Chon v. United States*, No. 2:09–CV–654 TS, 2012 WL 3528047 (D. Utah Aug. 14, 2012).

For this appeal, Chon filed a combined application for a COA and a merits brief arguing that he is entitled to relief based on a fraud-on-the-court theory. Chon also claims his fraud-on-the-court claim should not be governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

## II. Analysis

### A. *Application for COA*

We grant a COA only if an applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d

1075, 1078 (10th Cir. 2006) (internal quotation marks omitted). In this case, to overcome the district court's procedural ruling that Chon's action is barred as a successive collateral attack, Chon must present "newly discovered evidence" or a "new rule of constitutional law" justifying his action. *See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (citing 28 U.S.C. § 2255(h)).

But Chon points to neither "newly discovered evidence" nor a "new rule of constitutional law." Rather, he claims that false or erroneous evidence was used to convict him, and that he did not discover this fact until now. But alleging that testimony in the trial transcripts is false is not "newly discovered evidence"—it is an argument. Chon needs to identify actual evidence that was not known at trial, which he does not do.

Because Chon fails to satisfy either prong of § 2255(h), no reasonable jurist could debate the correctness of the district court's decision, and we cannot grant Chon's COA request.

### B. Merits Brief: "Fraud on the Court" Theory

Chon also argues that his fraud-on-the-court claim should not be classified as a second or successive collateral attack, and thus should not require a COA. He rests this argument on the district court's inherent jurisdiction to remedy fraud-on-the-court claims under the Supreme Court's decision in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). *See also* Fed. R. Civ. P. 60(d)(3).

The district court observed that we have not ruled on whether an independent action for fraud on the court under Rule 60's savings clause (*i.e.*, 60(d)(3)) could serve as an exception to the gatekeeping requirements set out in AEDPA (*e.g.*, requiring a COA). *See generally* Fed. R. Civ. P. 60(b) advisory committee's note (1946) ("[T]he rule expressly does not limit the power of the court, when fraud has been perpetrated upon it, to give relief under the saving[s] clause." (citing *Hazel-Atlas*, 322 U.S. 238)).

We previously ruled that a claim of fraud on the court by an opposing party under Rule 60(b)(3)—as opposed to 60(d)(3)—*is* subject to AEDPA's gatekeeping requirements where the underlying claim relates to fraud on the court that convicted or sentenced the movant. *See Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) ("[I]f the fraud on the habeas court includes (or necessarily implies) related fraud on the . . . federal district court that convicted and/or sentenced the movant . . . , then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding."). So to the extent Chon is asserting a Rule 60(b) motion for fraud on the habeas court, we deny that motion in our denial of his request for a COA. All of Chon's allegations relate to fraud on the trial court before which he was convicted; therefore, any Rule 60(b) motion here is considered a successive habeas petition. We must grant him a COA before he can

appeal a final order rejecting his petition, *see* 28 U.S.C. § 2253(c)(1)(B), and we do not do so here.

But Chon expressly asserts an independent fraud-on-the-court claim via Rule 60(d)(3) and the Supreme Court's decision in *Hazel-Atlas*, and we can find no case on whether AEDPA applies to such claims or even on whether such claims remain distinct from Rule 60(b)(3) claims. But we need not resolve these issues here, because even if an independent fraud-on-the-court claim is exempt from AEDPA, Chon falls far short of making such a claim.

"When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated," rises to the level of fraud on the court. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) (quoting *Weese*, 98 F.3d at 552–53). And we require "a showing of . . . a deliberate scheme to defraud" before relief can be granted. *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995). We review the district court's denial of the fraud-on-the-court motion for abuse of discretion. *United States v. Buck*, 281 F.3d 1336, 1342–43 (10th Cir. 2002).

In his brief, Chon makes various allegations of fraud on the court, supporting each with long quotations from the trial transcript. But without any new evidence, Chon does not demonstrate that what was said at trial was fraudulent. What is more, inconsistencies Chon cites in the record do not rise to the level of fraud, let alone to the level of "most egregious misconduct" required to show fraud on the court. For instance, Chon claims a witness lied about when he started working for the government as an informant, but the testimony Chon cites shows, at worst, some confusion about the exact order of events six or seven years in the past. *See, e.g.*, Ptr's Br. at 5–10.

Nor do Chon's other allegations find support in the record. For example, Chon claims a witness concealed the fact that a drug transaction was not completed, *see, e.g.*, Ptr's Br. at 18, but the record shows the witness actually testified to that fact, *see* R., Vol. VII, at 65. Chon also claims a witness falsely testified that the words "dope" and "methamphetamine" were in a recorded conversation, *see, e.g.*, Ptr's Br. at 4, when in fact the witness did not deny those words were absent from the recordings, *see* R., Vol. VII, at 80, and Chon's counsel touted that admission during closing argument, R., Vol. VII, at 324.

In sum, Chon has not presented any evidence of egregious misconduct or a deliberate scheme to defraud. We find nothing to indicate the district court abused its discretion in denying Chon's motion.

## III.  Conclusion

Accordingly, we AFFIRM the district court below, DENY Chon's request

for a COA, and DENY his motion for leave to proceed IFP.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge