**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TAE H. CHON,

    Defendant - Appellant.

No. 14-4029
(D.C. Nos. 2:09-CV-00654-TS and
2:01-CR-00487-TS-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

In years past this court has affirmed Tae Chon's federal criminal conviction and rejected two collateral challenges to that conviction. *See United States v. Chon*, 291 F. App'x 877, 883 (10th Cir. 2008); *United States v. Chon*, 434 F. App'x 730 (10th Cir. 2011); *United States v. Chon*, 512 F. App'x 855, 858-59 (10th Cir. 2013). Today we are presented with a third collateral challenge. After

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court refused to grant relief, Mr. Chon filed papers with this court seeking a certificate of appealability (COA) under 28 U.S.C. § 2253 and with it the opportunity to contest this latest adverse ruling.

But as it happens Mr. Chon wasn't entitled to proceed in district court in the first place. When it comes to second or successive collateral attacks on federal criminal convictions, they must be authorized by this court *before* they may lawfully proceed in district court. *See* 28 U.S.C. § 2255(h). Only after exhausting this process may a movant then seek a COA to pursue an appeal of an adverse district court ruling in a second or successive collateral challenge. Put simply, then, there is no lawful COA request before us, no proper appeal, and there was no lawful proceeding in district court.

That, however, does not necessarily doom Mr. Chon's current claim. Rather than dismiss the action outright, we may construe his putative COA application as a petition to pursue a second or successive collateral proceeding under § 2255(h). *See Spitznas v. Boone*, 464 F.3d 1213, 1219 n.8 (10th Cir. 2006). Doing so here, though, we find no such proceeding lawfully warranted. Before authorizing a second or successive petition, this court must be able to say that the movant has presented newly discovered evidence suggesting his innocence, or that he's identified a new rule of constitutional law retroactively applicable to his case. *See* 28 U.S.C. § 2255(h). Neither circumstance pertains here.

The request to pursue a third § 2255 motion is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge