FILED
United States Court of Appeals
Tenth Circuit

February 20, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

DEANDRE LARON WASHINGTON,

    Defendant – Appellant.

No. 14-7083
(D.C. Nos. 6:12-CV-00188-RAW &
6:09-CR-00036-RAW-2)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

DeAndre Washington seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas petition. We deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

A jury found Washington guilty of violating 18 U.S.C. §§ 2 and 1512(a)(1)(A) by attempting to kill a person with intent to prevent him from testifying in federal court. The trial court denied Washington's request that the jury be instructed on the defense of entrapment. His counsel chose not to appeal this issue, but did appeal several others. On direct appeal we affirmed Washington's conviction. United States v. Washington, 653 F.3d 1251 (10th Cir. 2011).

Washington subsequently moved for § 2255 relief, claiming that he asked his attorney to appeal the entrapment instruction issue, but his attorney refused to do so. In an affidavit, Washington's counsel avers that he does not recollect such a request. To resolve this inconsistency, Washington moved to supplement the record with several recorded telephone conversations. The district court granted this motion, giving Washington until March 21, 2014 to submit the recordings. However, Washington was unable to obtain the phone records by that time, and had not yet obtained them when the district court denied his § 2255 motion several months later. After judgment had been entered, Washington filed a "Motion Requesting Court Intervention," seeking the district court's assistance in obtaining the phone records. The district court denied the motion. Washington timely appealed.[1]

---

[1] Although the district court docketed Washington's notice of appeal seven days after the applicable deadline, he submitted a declaration under penalty of perjury stating

Continued . . .

## II

Washington may not appeal the denial of § 2255 relief without a COA. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, Washington must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). Because Washington proceeds pro se, we construe his filings liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A

Washington argues that the district court abridged his constitutional due process rights because it neither granted nor denied him a COA. But it is well established in the Tenth Circuit that if a district court fails to grant or deny a COA within 30 days of issuing final judgment, a COA is deemed denied. See, e.g., United States v. Kennedy, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000).[2] Given this authority, and the fact that this court is

---

that he placed his notice of appeal in the prison mail system before the deadline. His appeal is therefore timely. See Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005).

[2] Language requiring that district courts decide whether to issue a COA has moved from Fed. R. App. P. 22(b)(1) to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254 or § 2255. See Fed. R. App. P. 22, Notes of Advisory Committee on 2009 Amendments. We have applied our deemed denied rule subsequent to this change. See United States v. Chon, 434 F. App'x 730, 731 (10th Cir. 2011) (unpublished).

empowered to grant a COA, see Fed. R. App. P. 22(b)(1), Washington has not made out a due process violation, cf. Brown v. Montoya, 662 F.3d 1152, 1167 (10th Cir. 2011) ("Due process is flexible and calls for such procedural protections as the particular situation demands." (quotation omitted)).

## B

Washington contends that his appellate counsel was ineffective because he failed to appeal the district court's denial of an entrapment instruction. A petitioner claiming ineffective assistance of counsel must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Proving ineffective assistance of appellate counsel based on failure to raise a particular issue is difficult because "counsel need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) (quotation omitted). Courts must give "deferential consideration . . . to any professional judgment involved in [an issue's] omission." Id.

Giving appropriate deference to the strategic decisions of Washington's appellate counsel, we conclude that he did not perform deficiently by failing to appeal the denial of

-4-

an entrapment instruction. Counsel submitted an affidavit explaining that he and his associates determined that the issue was not one of the strongest arguments on appeal. The wisdom of this decision is evidenced by the lengthy published opinion engaging with several complex legal issues that were raised in Washington's direct appeal. See Washington, 653 F.3d at 1251.

Washington also contends that the district court decided his ineffective assistance of counsel claim prematurely because the court did not consider recorded telephone conversations that Washington sought unsuccessfully to obtain. He further contends that the court erred by denying his post-judgment motion requesting the court's assistance in obtaining them. We disagree. The district court was able to decide Washington's claim based on an attorney affidavit explaining that the decision not to appeal this issue was strategic. See LaFevers v. Gibson, 182 F.3d 705, 722 (10th Cir. 1999) (explaining that "appellate counsel has no constitutional obligation to raise every nonfrivolous issue, whether requested by the defendant or not"). Therefore, the district court did not abuse its discretion by denying Washington's post-judgment motion. See Allen v. Minnstar, Inc., 8 F.3d 1470, 1474 (10th Cir. 1993) (concluding that a district court did not abuse its discretion by denying post-judgment motion to supplement the record when the district court was able to decide an issue based on the record before it).[3]

---

[3] Washington argues that he has made a showing that further investigation under the court's subpoena power would likely lead to the discovery of evidence that would warrant an evidentiary hearing. See United States v. Velarde, 485 F.3d 553, 560 (10th

Continued . . .

**C**

Washington argues that he is actually innocent based on several recent cases that have narrowed the scope of the federal witness tampering statute. He relies on United States v. Tyler, 732 F.3d 241 (3d Cir. 2013), which held that a claim of actual innocence may be raised when a defendant "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision." Id. at 246 (emphasis added). Assuming that we were to adopt the Third Circuit's view of actual innocence, Washington's argument nevertheless fails because neither Supreme Court case he cites is "subsequent" to his conviction: one was decided before he was indicted, and the other was decided while his appeal was still pending. See Fowler v. United States, 131 S. Ct. 2045 (2011);[4] Arthur Andersen, LLP v. United States, 544 U.S. 696 (2005).

---

Cir. 2007). But the district court concluded that Washington's claims would fail even if he directed his counsel to raise the issue on appeal, a conclusion we affirm. Accordingly, Washington has not shown that he would have been entitled to an evidentiary hearing had he procured the recordings. See id. ("[T]he court is required to conduct the evidentiary hearing only if the admissible evidence presented by petitioner, if accepted as true, would warrant relief as a matter of law.").

[4] Fowler was decided on May 26, 2011; Washington's direct appeal was decided on August 9, 2011.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Washington's motion to proceed in forma pauperis is **GRANTED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge