**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TAE H. CHON,

    Defendant - Appellant.

No. 20-4009
(D.C. Nos. 1:19-CV-00135-TS &
2:01-CR-00487-TS-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

Tae H. Chon seeks a certificate of appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C. § 2241 application as an unauthorized second or successive 28 U.S.C. § 2255 motion. We deny a COA and dismiss this matter.

A jury convicted Mr. Chon of one count of possessing pseudoephedrine in violation of 21 U.S.C. § 841(c)(2). After this court affirmed, *see United States v. Chon*, 291 F. App'x 877, 883 (10th Cir. 2008), Mr. Chon filed several unsuccessful collateral challenges, including a § 2255 motion. This matter concerns a November 2019 filing, purportedly under § 2241, arguing that Mr. Chon's conviction violated the Ex Post Facto

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Clause. The district court determined the filing must be treated as an unauthorized second or successive § 2255 motion. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . ." (internal quotation marks omitted)). It declined to transfer the filing to this court for authorization, instead dismissing it for lack of jurisdiction. *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam).

To appeal, Mr. Chon must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). That requires him to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Before this court, Mr. Chon primarily focuses on the merits of his ex post facto claim. We do not consider the merits, however, because no reasonable jurist could debate the district court's procedural decision to dismiss the motion for lack of jurisdiction.

Having already pursued relief under § 2255, Mr. Chon must obtain this court's authorization before filing another § 2255 motion in the district court. *See* 28 U.S.C. § 2255(h). He cannot evade this requirement by titling his filing as something other than a § 2255 motion, because "[i]t is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." *Nelson*, 465 F.3d at 1149. "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148.

2

Mr. Chon does not challenge the determination that his filing must be treated as a § 2255 motion. Instead, he asserts that because he has a due process right to a writ of habeas corpus, "subject matter jurisdiction for the appeal of the dismissal of [his] § 2241 petition or § 2255 motion exists through the Sanders exception (Califano v. Sanders, 430 U.S. 99, 109 (1977)) to jurisdictional limitations." Aplt. Opening Br./COA Appl. at 4. *Califano*, which involved administrative review, acknowledged "the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the extraordinary step of foreclosing jurisdiction unless Congress' intent to do so is manifested by clear and convincing evidence." 430 U.S. at 109 (internal quotation marks omitted). But even assuming *Califano* applies in the context of post-conviction relief, § 2255(h) and 28 U.S.C. § 2244(b) are clear and convincing evidence that Congress intended to foreclose the federal courts' jurisdiction to review Mr. Chon's belated constitutional claim.

No reasonable jurist could debate the district court's decision to dismiss Mr. Chon's unauthorized filing for lack of jurisdiction, *see Nelson*, 465 F.3d at 1148-49, or its decision to dismiss rather than to transfer the filing to this court for authorization, *see Cline*, 531 F.3d at 1252. We therefore deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

3