**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT EARNEST MILLER,

Defendant - Appellant.

No. 10-6229

(W.D. Oklahoma)

(D.C. No. 5:09-CR-00352-L-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

A jury in the United States District Court for the Western District of

Oklahoma found Defendant Robert Earnest Miller guilty of possessing a firearm

after previously being convicted of a felony. *See* 18 U.S.C. § 922(g)(1). He was

sentenced to 240 months' imprisonment. He appeals his conviction and sentence,

arguing that there was insufficient evidence to convict and that his sentence was

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

The evidence at Defendant's trial showed the following: At 4 a.m. on July 25, 2009, Oklahoma City police officer George Stratton III was on patrol in a marked police car when he saw Defendant standing on a corner. Because Stratton could not clearly see Defendant, he used the spotlight attached to his car to illuminate the area. He did not see Defendant holding anything and had no reason to think that he was involved in a crime. But after Stratton's car moved to the left side of the street and slowed down to approach Defendant, Defendant began to run. Stratton ordered him to stop and pursued him. As Defendant ran between two houses, Stratton lost sight of him but then heard a loud noise that he assumed was Defendant jumping over a fence.

Stratton found Defendant on the ground leaning against a house. Apparently he had tripped on either a chest or a lawnmower that were among several discarded items located between the houses. Stratton saw that Defendant had something in his hand (which turned out to be a cell phone) and also saw a gun on the ground four to six feet from Defendant. Stratton ordered Defendant not to move. When Defendant moved as though trying to get up, Stratton kicked him in the chest to stop him. Defendant did not resist further.

After Stratton hand-cuffed Defendant, he retrieved the gun. From a brief inspection it appeared that the gun was in "pristine" condition and that it had not been lying in the grass very long. R., Vol. 3 at 82. Stratton searched Defendant but did not find other weapons, ammunition, spent shell casings, or anything else illegal. An officer who arrived to assist found that the gun was loaded, with 15 bullets in the magazine and one in the chamber. A firearms expert who later examined the gun noted that it was "slightly fouled" in that it had residue from burnt powder and "some slight tarnish on the barrel." *Id.* at 125. The expert thought that the tarnish could have been caused by salt and moisture, either from the ground or from contact with a person's body.

The presentence investigation report (PSR) said that Defendant qualified as an armed career criminal because he had two convictions of assault with a dangerous weapon and two other convictions of trafficking in controlled dangerous substances. *See* 18 U.S.C. § 924(e); USSG § 4B1.4. His offense level was therefore 33. *See* USSG § 4B1.4(b). Defendant's criminal-history category was VI because of his previous convictions and his commission of the firearm offense while on parole and less than two years after being released from custody. *See id.* §§ 4A1.1; 4B1.4(c). Defendant's offense level and criminal-history category resulted in a guidelines sentencing range of 235 to 293 months. *See id.* ch. 5, pt. A.

In district court neither Defendant nor the government raised any objection to the PSR that could change the guidelines range. The court sentenced Defendant to 240 months' imprisonment.

## II.   DISCUSSION

Defendant argues that there was insufficient evidence that he possessed the gun and that his sentence was substantively unreasonable. We address each issue in turn.

### A.   Sufficiency of the Evidence

Defendant moved for a judgement of acquittal at the close of the government's evidence, arguing that the government had not introduced sufficient evidence. *See* Fed. R. Crim. P. 29. Because he did not renew the motion at the close of evidence, however, the issue has not been preserved. *See United States v. Flonnory*, 630 F.3d 1280, 1283 n.2 (10th Cir. 2011). "We therefore review the issue under the plain-error standard." *Id.*

> To obtain relief under this doctrine, [Defendant] must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights. If he satisfies these criteria, this Court may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007) (internal quotation marks omitted).

"To establish a violation of 18 U.S.C. § 922(g)(1), the government had to prove: (1) that [Defendant] had previously been convicted of a felony, (2) that he thereafter knowingly possessed a firearm, and (3) that such possession was in or affected interstate commerce." *United States v. Jameson*, 478 F.3d 1204, 1208–09 (10th Cir. 2007). Defendant challenges only the sufficiency of the evidence that he possessed a firearm. We analyze this issue by "ask[ing] whether taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id.* at 1208 (internal quotation marks omitted).

Defendant argues that there was insufficient evidence because he presented witnesses who testified that they had been with him on the day of the crime and had not seen a gun, because Stratton did not see him holding a gun, and because the police did not conduct forensic tests to connect him with the gun. He also notes that he and another witness explained why he happened to be standing on a street corner at 4 a.m. and why he ran from Stratton's squad car. But the jurors did not have to believe Defendant's witnesses and the government presented sufficient evidence for reasonable jurors to find Defendant guilty. A juror could have inferred (1) that Defendant's flight from Stratton indicated that he had reason to fear an interaction with the police and (2) that it was highly unlikely that a loaded weapon in good condition had coincidentally been left on the ground

within four to six feet of where Defendant fell.  Because there was sufficient

evidence of actual possession, we need not address Defendant's arguments that he

did not constructively possess the gun.

Thus, Defendant has not shown the first element of plain error—an error—

and is therefore not entitled to relief.  *See United States v. McBride*, 633 F.3d

1229, 1233 (10th Cir. 2011) ("Defendant is not entitled to relief if he fails to

establish one or more of the four elements of plain error.")

## B.     Substantive Reasonableness of the Sentence

Defendant does not challenge the calculation of the guidelines sentencing

range.  He argues only that the sentence is unreasonable in light of the factors set

out in 18 U.S.C. § 3553(a).[1]  We review sentences under an abuse-of-

---

[1] 18 U.S.C. § 3553(a) states:
(a) Factors to be considered in imposing a sentence.  The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider—
        (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
        (2) the need for the sentence imposed—
            (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
            (B) to afford adequate deterrence to criminal conduct;
            (C) to protect the public from further crimes of the defendant; and
            (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
        (3) the kinds of sentences available;
        (4) the kinds of sentences and the sentencing range established for—
(continued...)

discretion standard, but we presume that a sentence within the applicable guidelines range, as is the case here, is reasonable. *See United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Defendant argues that the sentence was unreasonable because (1) at the time of arrest he was not involved in illegal activity beyond possession of the gun and did not have any other contraband on him; (2) he did not resist Officer Stratton once he was apprehended; (3) he had not been found to have committed a drug offense or engaged in violent conduct during the prior two years; and (3) his longest prior sentence had been only 10 years for four offenses. The argument that his sentence was unreasonable borders on the frivolous. Possession of a firearm by a person with such a significant criminal past is intolerable to civilized

---

[1](...continued)
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> > (i) issued by the Sentencing Commission . . . , subject to any amendments made to such guidelines by act of Congress . . . ; and
> > (ii) that . . . are in effect on the date the defendant is sentenced; or
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . , taking into account any amendments made to such guidelines or policy statements by act of Congress . . . ;
> (5) any pertinent policy statement—
> > (A) issued by the Sentencing Commission . . . , subject to any amendments made to such policy statement by act of Congress . . . ; and
> > (B) that . . . is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

society. Defendant has not overcome the presumption of reasonableness of his sentence.

## III. CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge