**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

ROBERT EARNEST MILLER,

        Defendant - Appellant.

No. 13-6120
(D.C. Nos. 5:09-CR-00352-L-1 and
5:12-CV-00701-L)
(D. W.D. Okla.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Robert Earnest Miller, proceeding pro se,[1] wants to appeal from the denial of his

28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. His request for a

certificate of appealability (COA) was denied by the district judge, prompting him to

reapply in this Court. Because he has not "made a substantial showing of the denial of a

constitutional right," *see* 28 U.S.C. § 2253(c)(2), we, too, deny a COA.

Miller was convicted by a jury of being a felon in possession of a firearm and

ammunition in violation of 18 U.S.C. § 922(g)(1). The presentence report (PSR)

---

[1] We liberally construe Miller's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

determined Miller to have satisfied the requirements for a sentencing enhancement under the Armed Career Criminal Act (ACCA) because he had two prior convictions for assault with a dangerous weapon and two prior convictions for trafficking in a controlled dangerous substance. *See* 18 U.S.C. § 924(e) (calling for an enhanced sentence for those violating § 922(g) and having three previous convictions for a "violent felony" or a "serious drug offense"); *see also* USSG §4B1.4. Miller did not object to the enhancement. The resulting guideline range was 235 to 293 months incarceration. He was sentenced to 240 months. He appealed, arguing the evidence was insufficient to support his conviction and his sentence was substantively unreasonable. We affirmed. *See United States v. Miller*, 421 F. App'x 851 (10th Cir. 2011) (unpublished).

Miller's § 2255 motion raises three arguments, two of which can be combined into one: (1) the sentencing judge erred in using the facts set forth in the PSR rather than the statute of conviction to conclude his prior offenses qualified as predicate offenses under the ACCA, and (2) trial counsel was ineffective for failing to object to the judge's reliance on the PSR in imposing the armed career criminal enhancement. As to the second argument, he claimed he was prejudiced by counsel's failure to object because his sentence without the enhancement would have been only 120 months.

The district judge denied the § 2255 motion. He concluded the first argument was procedurally barred as it could have been, but was not, raised on direct appeal and Miller failed to show cause excusing this procedural default, namely, he had not alleged appellate counsel was ineffective for failing to raise the issue on appeal. *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) ("Section 2255 is not available to test

the legality of matters which should have been raised on appeal. A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.") (citation and quotations omitted). While Miller's claim of ineffective assistance of trial counsel was not subject to the same procedural bar, *see Massaro v. United States*, 538 U.S. 500, 503-04 (2003), the judge nevertheless concluded it failed on its merits because any objection to the enhancement would have been futile and thus Miller could not establish counsel's performance was deficient or that he was prejudiced by the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Looking to the statutes governing his prior convictions, the judge determined both of Miller's prior drug trafficking convictions and his prior convictions for assault with a dangerous weapon constituted "serious drug offense[s]" and "violent felon[ies]," respectively, under the ACCA.

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). When a district court's ruling rests on procedural grounds, the applicant must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In his COA application, Miller does not quarrel with the use of his two prior drug trafficking convictions as qualifying "serious drug offense[s]" under the ACCA. He only quarrels with the use of his prior convictions for assault with a dangerous weapon. He claims they should not have been used to enhance his sentence because the facts contained in the PSR concerning those convictions came from police reports, something not to be considered for purposes of determining whether a prior conviction is a predicate offense under the ACCA. He claims: 1) the judge was required to consider the statute of conviction (correct), and 2) the statute was not contained in the PSR (correct, but of no consequence). According to Miller, his counsel was ineffective for failing to object to the judge's reliance on the PSR in lieu of the statute of conviction.

We cut to the chase. In determining whether a prior conviction is a "violent felony" under the ACCA we normally apply a categorical approach, looking only to the fact of conviction and the statutory definition of the prior offense to determine whether the elements fit into the ACCA definitions; we do not consider the specific conduct of the defendant.[2] *United States v. Scoville*, 561 F.3d 1174, 1176 (10th Cir. 2009). The PSR

---

[2] An exception exists if the statute of conviction "proscribes conduct broader than that which would satisfy the ACCA's definition of a violent felony or serious drug offense." *Scoville*, 561 F.3d at 1176. In those circumstances, a court may apply the "modified categorical" approach, looking to "the charging documents and documents of conviction to determine whether the defendant in a particular case was convicted of an offense that falls within the ACCA." *Id.*

did not contain the statute of conviction and it is unclear whether the sentencing judge looked to anything other than the facts contained in the PSR, which were based primarily on police reports detailing Miller's specific conduct. Nevertheless, Miller was convicted (twice)[3] of violating Okla. Stat. Ann. tit. 21, § 645, which categorically satisfies the definition of "violent felony" under the ACCA.[4] Thus, Miller cannot establish prejudice from counsel's failure to object. *See Strickland*, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a

---

[3] Either conviction, when combined with the two drug trafficking convictions, is sufficient to trigger enhanced sentencing under the ACCA. *See* 18 U.S.C. § 924(e) (requiring three previous convictions for a "violent felony" or a "serious drug offense" to qualify for an enhanced sentence).

[4] Relevant here, the ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In 2001, when Miller committed the offense, Okla. Stat. Ann. tit. 21, § 645 provided:

> Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, upon conviction is guilty of a felony punishable by imprisonment in the State Penitentiary not exceeding ten (10) years, or by imprisonment in a county jail not exceeding one (1) year.

This statute clearly requires the use or threatened use of physical force. And while the statute permits a sentence of less than one year, all that is required is that the offense is "punishable by" imprisonment for a term exceeding one year, i.e., the maximum term of imprisonment exceeds one year. *See United States v. Maxwell*, 492 F. App'x 860, 868 & n.2 (10th Cir. 2012) (unpublished); *cf. United States v. Hill*, 539 F.3d 1213, 1220-21 (10th Cir. 2008) (construing identical language in 18 U.S.C. § 922(g)(1)). Here, the maximum term of imprisonment well exceeds one year.

criminal proceeding if the error had no effect on the judgment."). Since he has suffered no prejudice all his claims fall away.[5]

Because no jurist of reason could reasonably debate the correctness of the result reached by the district court, we **DENY** a COA and **DISMISS** this matter. We **DENY** Miller's request to proceed without prepayment of the fees. All unpaid filing and docketing fees are due and payable to the Clerk of the District Court. If all fees are not immediately paid, Miller must continue making periodic payments until they are paid in full.

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge

---

[5] Miller also claims his first argument is not procedurally barred, arguing the issue could not have been raised on direct appeal because trial counsel had failed to raise it at sentencing. While the claimed error is inconsequential, the judge correctly invoked the procedural bar as to the first argument because it could have been but was not raised on direct appeal. *See Allen*, 16 F.3d at 378. Trial counsel's failure to raise the argument in the district court does not constitute cause for a failure to raise it on appeal. The argument still could have been reviewed for plain error. *See United States v. Spring*, 80 F.3d 1450, 1461 (10th Cir. 1996). He does not raise any other grounds to excuse his procedural default. Nor has he shown a fundamental miscarriage of justice would result if we do not consider the claim. *See United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (a colorable showing of factual innocence is necessary to establish a fundamental miscarriage of justice).