**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

ROBERT EARNEST MILLER,

    Defendant–Appellant.

No. 13-6252
(D.C. Nos. 5:12-CV-00701-L & 5:09-CR-00352-L-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Robert Miller, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to challenge the district court's refusal to reconsider its denial of his 28 U.S.C. § 2255 motion. We deny a COA. Because the district court lacked jurisdiction over Miller's motion to reconsider, we vacate and remand to the district court with instructions to dismiss.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Following a 2010 jury trial, Miller was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Based on his criminal history, Miller qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) and § 4B1.4 of the United States Sentencing Guidelines ("Guidelines"). He was sentenced to 240 months' imprisonment followed by four years of supervised release, within the Guidelines recommended range of 235-293 months.

Miller unsuccessfully appealed his conviction and sentence to this court. United States v. Miller, 421 F. App'x 851 (10th Cir. 2011) (unpublished). He then sought post-conviction relief pursuant to 28 U.S.C. § 2255, arguing that the court erred by enhancing his sentence under § 924(e), that it relied on impermissible evidence in finding the predicate offenses for that enhancement, and that his trial counsel was ineffective for failing to object to the enhancement. The district court denied Miller's § 2255 motion and refused to grant a COA. This court also denied a COA. United States v. Miller, 539 F. App'x 874 (10th Cir. 2013) (unpublished).

While Miller's request for a COA was pending before this court, he filed a Fed. R. Civ. P. 60(b) motion in the district court seeking to reopen his case based on the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). The district court denied that motion, citing our decision in Allison v. Bank One-Denver, 289 F.3d 1223, 1243 (10th Cir. 2002), for the proposition that it had jurisdiction to deny a Rule 60(b)

motion while an appeal was pending. Miller sought reconsideration under Fed. R. Civ. P. 59(e), which the district court also denied. Miller then filed a timely notice of appeal.

**II**

We must decide whether Miller's Rule 60(b) motion was a "true" Rule 60(b) motion or a second or successive § 2255 motion in the guise of a Rule 60(b) motion. See Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006). If Miller's filing was a true Rule 60(b) motion, we would determine whether he is entitled to a COA. Id. at 1218. But a pleading that should be treated as a "second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court." United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006). If a district court treats what should have been characterized as a second or successive motion as a true Rule 60(b) motion and rules on the merits, we must "vacate the district court's order for lack of jurisdiction." Spitznas, 464 F. 3d at 1219.

Miller's purported Rule 60(b) motion was in fact an unauthorized second or successive habeas petition. "It is the relief sought, not [a] pleading's title, that determines whether the pleading is a § 2255 motion." Nelson, 465 F.3d at 1149. A motion that argues "a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim" should be treated as a successive habeas motion. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (quotation omitted). Miller's Rule 60(b) motion was expressly based on "an intervening change in the law." He cites the Supreme Court's

decision in Alleyne, which held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," 133 S. Ct. at 2155, and argues that the prior convictions qualifying him as an armed career criminal were elements of his crime. Under Gonzalez, such a claim cannot be made in a true Rule 60(b) motion. 545 U.S. at 531.

We nevertheless "construe [Miller's] appeal as an application to file a second or successive [motion]." Spitznas, 464 F.3d at 1213. We do not authorize a second or successive habeas motion unless it is based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The rule announced in Alleyne has not been made retroactive by the Supreme Court. In re Payne, 733 F.3d 1027, 1029-30 (10th Cir. 2013). We accordingly deny authorization to file a second or successive § 2255 motion.

### III

We **DENY** a COA, **VACATE** the district court's denial of Miller's putative Rule 60(b) and Rule 59(e) motions, and **REMAND** to the district court with instructions to

dismiss for lack of jurisdiction.  Miller's motion to proceed in forma pauperis is

**GRANTED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge